MONROE, Judge.
This is an appeal from the circuit court’s dismissal of a petition to modify child support.
In July 1993, the State of Alabama, on behalf of Janice M. Thomas, filed a petition to modify child support in the juvenile court, seeking post-minority support from Kenneth N: Mixon. In October 1993, the case was heard before the juvenile court’s, child support referee. Believing that the juvenile court did not have jurisdiction to decide the issue of post-minority support, the referee transferred the case to the circuit court on October 26, 1993. The referee’s order transferring the case to 'the circuit court was ratified and confirmed by the circuit court. However, the case was never set for trial in the circuit court. Instead, it was apparently sent back to the juvenile court, where it was set for a hearing on March 22,1994.
At the March 22, 1994, hearing, Mixon’s attorney filed a motion to dismiss the petition to modify, on the ground that the referee’s order of October 26, 1993, transferring the case to the circuit court was res judicata and that the juvenile court referee did not have jurisdiction over the state’s claim for post-minority support. On April 11, 1994, the juvenile court referee denied Mixon’s motion to dismiss, holding that the state’s petition was not barred by the doctrine of res judica-ta and that the juvenile court did have jurisdiction over the issue because the circuit court had failed to hear the issue and the petition had apparently been transferred back to the juvenile court.
Mixon appealed to the circuit court the juvenile court referee’s order denying his motion to dismiss the petition to modify. The circuit court granted Mixon’s motion to dismiss, and the state appeals.
The state contends that the circuit court erred in dismissing the petition to modify because, it argues, Mixon improperly appealed from an interlocutory order and his appeal should have been dismissed. We agree.
Rule 28, Ala.R.Juv.P., provides that a party may appeal to the appropriate appellate court from “final orders, judgments or decrees of the juvenile court.” “Before an order can support an appeal, it must be a final judgment.” Hardy v. State ex rel. Chambers, 541 So.2d 566, 567 (Ala.Civ.App.1989). “A final judgment is defined as ‘a terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.’” Id. See also Holland v. Holland, 406 So.2d 877 (Ala.1981). The denial of a motion to dismiss is an interlocutory order. See, e.g., Smith v. Union Bank & Trust Co., 653 So.2d 933 (Ala.1995) (in which the Supreme Court permitted an appeal from an interlocutory order denying a motion to dismiss on the ground of res judicata, pursuant to Rule 5(a), Ala.R.App.P.).
The issue of whether a judgment is final is jurisdictional. Hardy, supra. The record reveals that the state argued to the circuit court that Mixon’s appeal was from an interlocutory order and, therefore, should be dismissed. Mixon appealed to the circuit court from an order denying his motion to dismiss the petition to modify. That order was an interlocutory order and was not ap-pealable of right. We conclude that the trial court was without jurisdiction to hear Mix-on’s appeal and to dismiss the state’s petition to modify child support.
The judgment of the trial court dismissing the state’s petition to modify child support is reversed and this case is remanded to the circuit court with instructions to dismiss Mix-on’s appeal.
Each party’s request for an attorney fee and/or sanctions is denied.
*613 REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ„ concur.