Leon Stone, an inmate in an Alabama correctional facility, filed a pro se action alleging negligence against Correctional Medical Systems ("CMS") and Michael W. Haley, the commissioner of the Alabama Department of Corrections. In his complaint, Stone alleged that the defendants had negligently and incorrectly diagnosed him as having Acquired Immune Deficiency Syndrome ("AIDS") and that the defendants had negligently caused him injury by housing him, during a portion of his incarceration, in an area intended to be inhabited only by inmates who had AIDS.
On March 27, 2001, Haley filed an answer and a motion to dismiss, pursuant to Rule 12(b)(6), Ala.R.Civ.P. In that motion to dismiss, Haley argued, among other things, that he had been sued in his official capacity and that he was, therefore, entitled to qualified immunity. Stone filed an opposition to what he characterized as the "defendants'" motion to dismiss. On April 26, 2001, the trial court entered on the case action summary an "order of dismissal." Stone appealed to the Supreme Court of Alabama, which transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
Although neither party has raised the issue whether this court has jurisdiction over this appeal, "jurisdictional *Page 1246 
matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Wallace v. Tee Jays Mfg. Co.,689 So.2d 210 (Ala.Civ.App. 1997) (quoting Nunn v. Baker,518 So.2d 711 (Ala. 1987)). Ordinarily, only a final judgment will support an appeal. § 12-22-2, Ala. Code 1975. An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is generally not final. Exparte Harris, 506 So.2d 1003 (Ala.Civ.App. 1987). In this case, only Haley moved to dismiss Stone's complaint against him; CMS did not respond to Stone's complaint. We conclude that the trial court's April 26, 2001, order of dismissal related only to the claims against Haley. Stone's claims against CMS have not been resolved and remain pending before the trial court. Therefore, because the trial court's order dismissing Stone's claims against Haley did not resolve all the claims or the rights and liabilities of all the parties, that order did not constitute a final judgment that would support an appeal. This appeal is taken from a nonfinal order; therefore, the appeal is due to be dismissed. See Wilsonv. Wilson, 736 So.2d 633 (Ala.Civ.App. 1999); Bacadam Outdoor Adver.,Inc. v. Kennard, 721 So.2d 226 (Ala.Civ.App. 1998).
DISMISSED.
All the judges concur.