In May 2002, the State Department of Human Resources ("DHR") received a report that five children were being left at home alone. Upon investigation, DHR discovered that the children, G.M.A., T.A.A., A.D.A., A.J.A., and F.M.T., whose ages ranged from eight to one, were being left at home by their mother, D.A., who had a methamphetamine addiction, and A.J.T., the father of A.J.A. and F.M.T. DHR instituted a safety plan that allowed the children to remain in the home provided that A.J.T. supervised the children's contact with the mother and that the mother was not left alone with the children. However, the parties failed to comply with the safety plan; A.J.T. would go to work, leaving the mother alone with the children, and the mother would then leave the children unattended. The children were then placed with a friend of the family for supervision while DHR instituted services for the family. The mother, however, was not cooperative with DHR, refusing to take drug tests and failing to otherwise adjust her circumstances to meet her children's needs. Her parental rights were ultimately terminated in December 2003, and she is not involved in the present appeal.
In September 2002, when the children's custodian informed DHR that she would need to leave the state for a family emergency, DHR placed the children in foster care. DHR filed a petition to terminate the parental rights of A. J.T. in September 2003. After a trial in June 2005, the trial court terminated A.J.T.'s parental rights but granted him visitation with A.J.A. and F.M.T. every other weekend. DHR filed a postjudgment motion in which it argued that the trial court could not properly award visitation to A.J.T. while also terminating his parental rights and awarding permanent custody of the children to DHR. After a hearing on that motion, the trial court amended its judgment to award A.J.T. 48 hours of visitation each month, the timing of which was to be determined by DHR, the foster parents, or the adoptive parents of the children. DHR appeals, arguing that the trial court erred by awarding A.J.T. visitation after terminating his parental rights; A.J.T. cross-appeals, arguing that the termination of his parental rights was not supported by the evidence. We reverse.
This court has held that a judgment terminating parental rights but reserving certain parental rights to the parent is contradictory. B.CM. v. H.E.C., 907 So.2d 445, 446
(Ala.Civ.App. 2005). Although the juvenile court inB.C.M. specifically terminated only the mother's right to object to the adoption of her child and reserved to her the right to visit with the child and to be involved in the child's schooling and activities, this slight difference between the cases is inconsequential. A judgment terminating the parental rights of a parent and awarding permanent custody of a child to DHR gives DHR the right to make permanent plans, including adoption, for that child. Ala. Code 1975, §26-18-8(1). To reserve to the parent any right is diametrically opposed to the fundamental principles underlying the termination of parental rights. A termination of parental rights should be accomplished only in the most egregious of circumstances, is to be based on a determination that the parent is unwilling or unable to provide for the child and that the circumstance or condition resulting in *Page 48 
the parent's unwillingness or inability to provide for the child is unlikely to change in the foreseeable future, should occur only after consideration of all possible viable alternatives to termination, and must be in the child's best interest. Ex parte Beasley, 564 So.2d 950, 954
(Ala. 1990). To terminate parental rights and yet award visitation indicates that the trial court must think that continued contact between the parent and the child is in the child's best interest and that the complete severance of the parent-child relationship is not. Accordingly, we must reverse the trial court's judgment and remand this cause for the trial court to determine, based on the evidence presented at trial, whether A.J.T.'s rights should be terminated without the reservation of visitation or whether termination of A.J.T.'s parental rights is not truly in the best interest of the children.
In light of our disposition of DHR's appeal, we dismiss A.J.T.'s cross-appeal as being moot.
APPEAL — REVERSED AND REMANDED WITH INSTRUCTIONS.
CROSS-APPEAL — DISMISSED AS MOOT.
THOMPSON, PITTMAN, MURDOCK, and BRYAN, JJ., concur.