THOMAS, Judge.
 

 P.D.S. was married to T.S. (“the mother”) in 2001. In May 2004, the parties separated. In July 2004, the mother gave birth to D.A.S.S. (“the child”). In March 2005, P.D.S. and B.H. were named as defendants in a paternity action in the Marshall Juvenile Court in Albertville (“the Albertville juvenile court”) regarding the child (“the paternity action”). In the paternity action, both P.D.S. and B.H. submitted themselves for paternity testing, and that testing revealed that P.D.S. could not be the father of the child and that B.H. was the biological father of the child. Based on the paternity testing, the Albert-ville juvenile court dismissed the P.D.S. as a party in the paternity action and adjudicated B.H. the father of the child.
 

 
 *1289
 
 In December 2005, the child was removed from the custody of the mother and B.H. (hereinafter referred to as “the adjudicated father”) by the Marshall County Department of Human Resources (“DHR”). Although services were provided to the mother, ultimately DHR concluded that reuniting the mother and the child was not possible. In July 2007, DHR filed a petition to terminate the parental rights of the mother and the adjudicated father in the Marshall Juvenile Court in Gunters-ville (“the Guntersville juvenile court”).
 

 In September 2007, P.D.S. and the mother were divorced by the Marshall Circuit Court. The divorce pleadings were on preprinted forms containing blanks that had been completed by someone other than P.D.S., because P.D.S. is illiterate. Neither the divorce pleadings nor the divorce judgment mention the child, address his custody, or award child support to either party.
 

 According to a notation on the case-action-summary sheet pertaining to the termination action filed in the Gunters-ville juvenile court, P.D.S. appeared “pro se” at the trial on DHR’s termination petition. After the trial, the Guntersville juvenile court entered an order, which reads, in pertinent part:
 

 “1. The parental rights of [P.D.S.] are not terminated.
 

 “2. The child is placed in the custody of [P.D.S.].
 

 “8. The mother is allowed ... supervised visitation....”
 

 Based upon the award of visitation to the mother, we conclude that the Guntersville juvenile court denied DHR’s petition to terminate her parental rights.
 
 See State Dep’t of Human Res. v. A.J.T.,
 
 939 So.2d 46, 47 (Ala.Civ.App.2006) (“[A] judgment terminating parental rights but reserving certain parental rights to the parent is contradictory.”). The Guntersville juvenile court’s order does not refer at any point to the parental rights of the adjudicated father.
 

 DHR appealed the Guntersville juvenile court’s judgment to the Marshall Circuit Court. P.D.S. filed what he termed as “a motion to add a party,” by which he sought to have himself made a party to the appeal as an appellee, and a petition seeking custody of the child. The circuit court treated P.D.S.’s “motion to add a party” as a motion to intervene, which the circuit court granted. After a trial, at which the circuit court considered P.D.S.’s request for custody during the dispositional phase of the proceeding that occurred after completion of the termination-of-parental-rights phase of the proceeding, the circuit court entered an order on October 16, 2008, terminating the parental rights of the mother and the adjudicated father; the order further awarded full custody of the child to DHR and granted DHR permission to place the child for adoption. The order did not specifically address the custody petition filed by P.D.S.; however, the order did state that DHR was “not ... limit[ed] or for-bidfden] ... from considering [P.D.S.] when making decisions on visitation, placement, or adoption matters.”
 

 On November 14, 2008, DHR filed what it styled as a “motion to alter or amend” the circuit court’s order, in which DHR requested that the circuit court add to the order a specific finding regarding P.D.S.’s claim that he was the presumed father of the child under Ala.Code 1975, § 26-17-5(a)(1).
 
 [1]
 
 On November 24, 2008, P.D.S.
 
 *1290
 
 filed a response to DHR’s motion, in which P.D.S. agreed with DHR that the circuit court should address whether he was the presumed father of the child and whether he should be awarded custody of the child. The circuit court denied the postjudgment motions on January 30, 2009. P.D.S. filed a notice of appeal on March 6, 2009.
 

 DHR filed a motion to dismiss this appeal, arguing that the postjudgment motions filed by DHR and P.D.S. in the circuit court were untimely and failed to toll the time for filing an appeal because they were filed more than 14 days after the entry of the circuit court’s October 16, 2008, order,
 
 see
 
 Rule 1(B), Ala. R. Juv. P. (stating that “[procedure shall be uniform in all juvenile courts, whether at the circuit or district court level or in the circuit court by trial de novo” and that all postjudgment motions in juvenile cases must be filed within 14 days of the entry of the judgment), and, therefore, that P.D.S.’s March 6, 2009, appeal, filed well after the expiration of the 14-day appeal period applicable to appeals from judgments in juvenile cases,
 
 see
 
 Rule 28(c), Ala. R. Juv. P., was untimely filed.
 
 See, generally, F.G. v. State Dep’t of Human Res.,
 
 988 So.2d 555, 557 (Ala.Civ.App.2007). P.D.S. responds that his claim for custody was, in fact, a compulsory counterclaim in the juvenile court and also that it was a claim seeking to modify the divorce judgment; therefore, he asserts that his claim was, in actuality, a civil and not a juvenile matter and that, thus, his postjudgment motion could properly have been filed within 30 days of the entry of the circuit court’s order.
 

 We need not decide whether DHR or P.D.S. is correct because that determination is not necessary to the resolution of this appeal. As we are permitted to do,
 
 see, e.g., M.M. v. L.L.,
 
 989 So.2d 528, 528 (Ala.Civ.App.2007), we have noticed,
 
 ex mero moto,
 
 a jurisdictional defect that requires us to dismiss this appeal: the appeal of the Guntersville juvenile court’s order to the circuit court was improper because the Guntersville juvenile court’s order was not a final judgment.
 
 See
 
 Rule 28(B), Ala. R. Juv. P. (permitting appeals to circuit court from “final orders, judgments, or decrees”);
 
 State ex rel. Thomas v. Mixon,
 
 674 So.2d 611, 612 (Ala.Civ.App. 1995) (noting that a party may appeal a juvenile court’s judgment to the appropriate appellate court if the juvenile court’s judgment is a final judgment capable of supporting an appeal). As noted above, the juvenile court’s order failed to completely address DHR’s petition seeking the termination of the parental rights of the mother and the adjudicated father. The only parental rights the juvenile court specifically addressed in its order were P.D.S.’s parental rights. Even assuming that the order effectively denied DHR’s petition to terminate the mother’s parental rights by awarding her visitation, which indicates that her rights were not terminated,
 
 see A.J.T.,
 
 939 So.2d at 47, the Guntersville juvenile court’s order left DHR’s claim seeking termination of the
 
 *1291
 
 adjudicated father’s parental rights unresolved.
 
 See G.B. v. State Dep’t of Human Res.,
 
 959 So.2d 1116, 1120 (Ala.Civ.App. 2006);
 
 P.B. v. P.C.,
 
 946 So.2d 896, 898 (Ala.Civ.App.2006) (“This appeal is from a nonfinal judgment. The underlying issues involved in this case have not been adjudicated by the juvenile court.”). Thus, the Guntersville juvenile court’s order was not a final judgment capable of supporting an appeal.
 
 Mixon,
 
 674 So.2d at 612;
 
 see also G.B.,
 
 959 So.2d at 1120;
 
 P.B. v. P.C.,
 
 946 So.2d at 897. We therefore dismiss the appeal with instructions to the circuit court to dismiss the appeal from the Guntersville juvenile court’s order and to remand the case to the juvenile court for further proceedings on DHR’s petition to terminate the parental rights of the adjudicated father.
 

 DHR’s motion to dismiss the appeal is therefore denied.
 

 APPEAL DISMISSED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . Section 26-17-5 was repealed by Act No. 2008-376, Ala. Acts 2008. Section 26-17-5(a) read, in pertinent part:
 

 "(a) A man is presumed to be the natural father of a child if ...:
 

 (Footnote cont’d.)
 

 
 *1290
 
 “(1) He and the child's natural mother are or have been married to each other and the child is born during the marriage.
 

 P.D.S. maintains that he is the child’s presumed father. However, § 26-17-5(b) clearly stated, in part, that "[t]he presumption of paternity is rebutted by a court decree establishing paternity of the child by another man." As previously noted in the text of this opinion, P.D.S. and B.H. were parties to the paternity action regarding the child in which the Albertville juvenile court entered a judgment adjudicating B.H. the father of the child. From our review of the record of the action in the circuit court, however, it appears that P.D.S. might attempt to raise the issue of failure of service in the paternity action. Thus, it is unclear at this time whether P.D.S. may be the presumed father of the child.