MOORE, Judge.
Amos Holman and his wife, Willie Mae Holman, appeal from a summary judgment entered by the Blount Circuit Court (“the trial court”) in favor of Woodroe Sims and his wife, Julia Sims, who is Willie Mae’s sister.

Facts and Procedural History

On September 10, 2007, the Simses sued the Holmans and other fictitiously named defendants, asserting separate claims of breach of contract, negligence, fraud, willful misrepresentation, willful deceit, and wantonness. The Simses asserted that the Holmans had asked the Simses to loan them money to purchase a house in Alabama. According to the complaint, the Holmans and the Simses had signed a loan agreement on April 6, 2006, pursuant to which the Simses had loaned the Holmans $45,000 for the purchase of real property located in Blount County (“the Alabama property”). The parties’ agreement, which was attached to the complaint, required the Holmans to repay the full amount of the loan within three days of their selling property in Inkster, Michigan (“the Michigan property”). If the Hol-mans failed to sell the Michigan property by August 1, 2006, the Holmans were re *387 quired by the agreement to repay the entire loan amount by April 6, 2007. According to the agreement, if the Holmans failed to repay the entire loan amount by April 6, 2007, then the Holmans would transfer the title to the Alabama property to the Simses. The Simses asserted that the Holmans had neither repaid any portion of the loan amount nor deeded the Alabama property to the Simses. The Simses alleged that the Holmans had breached their agreement; that the Hol-mans had negligently or wantonly represented their ability to repay the loan and had negligently failed to repay the loan; and that the Holmans had fraudulently induced the Simses into making the loan by willfully and intentionally suppressing material facts regarding their financial condition and by willfully promising to repay the loan or to deed the Alabama property to the Simses with no intention of keeping those promises and with an intent to deceive the Simses. The Simses requested a judgment for compensatory and punitive damages plus interest and costs, attorney’s fees, and any other relief to which they were entitled.
On November 6, 2007, the Simses filed a motion for a default judgment against the Holmans because the Holmans had failed to file a pleading or an answer or to otherwise defend against the Simses’ complaint. The Holmans filed an answer, signed by both Amos and Willie Mae, on December 27, 2007, in which they asserted that they had signed the agreement with the expectation that the Michigan property would sell within one year and that the parties had been relying on that sale taking place in order to allow the Holmans to repay the loan. The Holmans denied that they had committed any fraud against the Simses, and they stated that the Simses knew that the Holmans had no money with which to repay the loan unless the Michigan property sold. The Holmans further asserted, among other things, that they had failed to submit the title to the Alabama property to the Simses because they had hoped that, by lowering the price on the Michigan property, the Michigan property would sell so that they could avoid a lawsuit and that they were willing to work out a reasonable agreement with the Simses to repay the loan.
On February 1, 2008, the trial court entered an order setting the case for a trial on October 27, 2008. On October 21, 2008, the Simses filed a motion for a summary judgment. The Simses attached a copy of the loan agreement, which they argued amounted to a valid lawful contract; noted that the Holmans had admitted in their answer that they had entered into the agreement; asserted that the Hol-mans had not repaid the loan or conveyed the Alabama property in breach of the agreement; and maintained that they had been damaged by the Holmans’ failure to convey the Alabama property to them, by having lost interest on the loan, by having to pay property insurance and taxes on the Alabama property, and by having incurred attorney’s fees. The Simses sought a judgment awarding them the Alabama property, ejecting the Holmans from the Alabama property, ordering the Simses to reimburse them for the property insurance and taxes they had paid on the Alabama property, ordering the Holmans to pay interest on the loan from July 7, 2007, to the date the Simses receive the title and deed to the Alabama property, and ordering the Holmans to pay court costs and attorney’s fees. Notably, the Simses did not move for a summary judgment on the tort counts contained in their complaint.
In an entry on the case-action-summary sheet dated October 23, 2008, the trial court noted that the Simses’ summary-judgment motion “shall be taken up on October 27, 2008,” the date set for the *388 trial. On that date, after an apparent hearing, the trial court entered an order on the case-action-summary sheet, stating: “Case called and [the Holmans] given [thirty] (30) days to hire an attorney and file written response to [the Simses’] motion for summary judgment or court will grant summary judgment.” Below that entry, the case-action-summary sheet indicates that a copy of that order was sent to all parties on October 27, 2008; however, the order was not entered into the State Judicial Information System (“SJIS”).
On November 20, 2008, the Holmans retained legal counsel, who filed a notice of appearance through SJIS. On November 28, 2008, the Simses filed a renewed motion for a summary judgment. In that motion, they asserted that the Holmans had not complied with the October 27, 2008, order by filing a written response to the motion for a summary judgment and that, as a result, the Simses’ motion should be granted. On December 16, 2008, the trial court entered an order granting the Simses’ motion for a summary judgment, finding that the loan agreement was a valid and enforceable contract and that the Holmans were in breach of that contract; granting full title to the Alabama property to the Simses; ordering the Holmans to convey and execute a deed to the Alabama property and to vacate the property within 10 days; and ordering the Holmans to pay court costs and the Simses’ expenses and attorney’s fees as outlined in the agreement, specifically, court costs of $651, attorney’s fees of $6,256.88, reimbursement for payments the Simses made on the Hol-mans’ behalf for property taxes and property insurance in the amount of $3,228.03, and interest on the loan in the amount of $9,455, pursuant to the agreement and § 8-8-8, Ala.Code 1975.[1]
On January 12, 2009, the Holmans filed a motion to alter, amend, or vacate the summary judgment and a motion for a stay. On January 16, 2009, the trial court entered an order granting the Holmans’ motion for a stay and setting their motion to alter, amend, or vacate for a hearing on February 5, 2009. The Simses filed a response to the Holmans’ motion to alter, amend, or vacate on February 3, 2009. On February 5, 2009, the Holmans filed an amended motion to alter, amend, or vacate. The Simses filed an amended response on February 9, 2009.
On April 29, 2009, the Simses filed a motion requesting that the trial court enter an order denying the Holmans’ motion to alter, amend, or vacate, and lifting the stay that had been entered on January 16, 2009; the trial court granted that motion on May 13, 2009. The Holmans filed a motion for a stay and to set a supersedeas bond on May 26, 2009; the trial court granted that motion on June 5, 2009. The Holmans filed their notice of appeal to this court on May 26, 2009.
“We first consider whether we have jurisdiction over this appeal, because ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)).
This court has jurisdiction over appeals involving civil cases when the amount involved, exclusive of interest and costs, is less than $50,000, see Ala.Code 1975, § 12-3-10. However, this court may only review a judgment for less than $50,000 that is final, i.e., a judgment that conclusively determines all the issues before the court and ascertains and declares the rights of the parties involved. See *389 Garner v. Decatur Utils., 709 So.2d 1309, 1310 (Ala.Civ.App.1998). A judgment that does not resolve all the claims asserted by all the parties is an interlocutory order that will not support an appeal. See Stone v. Haley, 812 So.2d 1245, 1246 (Ala.Civ.App.2001).
In this case, the order granting the Simses’ summary-judgment motion fully adjudicates the breach-of-contract claim contained in the first count of the Simses’ complaint. The order does not, however, adjudicate the tort claims contained in the complaint. The Simses did not move for a summary judgment on the tort claims, and the order granting the Simses’ summary-judgment motion did not address those claims, even impliedly; therefore, those claims remain pending in the trial court.
Under Rule 54(b), Ala. R. Civ. P., “[w]hen more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment.”
At the end of the summary-judgment order, the trial court stated that, “finding no reason for delay, this judgment is final.” However, “a Rule 54(b) certification should not be entered if the issues in the claim being certified and a claim that will remain pending in the trial court ‘ “are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.” ’ Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala.2002) (quoting Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987)).” Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala.2006). Because the resolution of each of the claims remaining before the trial court depend, in part, on whether the Holmans failed to keep their promise to repay the loan or to deed the Alabama property to the Simses, we conclude that those claims are so closely intertwined with the breach-of-contract claim that the trial court’s attempt to certify the summary judgment as final was invalid. See BB&S Gen. Contractors, Inc. v. Thornton & Assocs., Inc., 979 So.2d 121, 125 (Ala.Civ.App.2007). Thus, the order granting the Simses’ summary-judgment motion did not terminate the action, and that order remains subject to revision at any time before final adjudication. See Rule 54(b), Ala. R. Civ. P.
“ ‘ “When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.” ’ Bryant [v. Flagstar Enters., Inc.], 717 So.2d [400,] 402 [(Ala.Civ.App.1998)] (quoting Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974)).” Hamilton v. CSC Distribution, Inc., 10 So.3d 589, 592 (Ala.Civ.App.2008). Because the Holmans are appealing from a nonfinal judgment, we have no jurisdiction and we must dismiss the appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. Those figures were based on two verified statements filed by the Simses' attorney.