BRYAN, Judge.
Daniel Lawrence Edwards and Earl Parker appeal from a judgment establishing the location of a boundary line. We dismiss the appeal with respect to Parker and affirm the judgment of the trial court.
Edwards owns a parcel of land that is coterminous with parcels owned by Meles-ter Ford (“Melester”) and Melesian A. Ford Allen (“Melesian”). Edwards’s parcel, which is in Section 17 in Perry County, lies immediately south of Melester’s and Melesian’s parcels, which are in Section 8 in Perry County. Edwards, Melester, and Melesian agree that a segment of the section line separating Section 17 from Section 8 (“the section line”) constitutes their common boundary line; however, they disagree regarding the location of the section line. Edwards contends that the section line is located north of a gravel road that runs generally east and west (“the gravel road”). Melester and Melesian contend that the section line is located south of the gravel road.
Karen Rene Ford (“Rene”) owns a parcel of land located in Section 8 that does not abut Edwards’s parcel. Parker owns a parcel of land located in Perry County that is in the vicinity of the parcels owned by Edwards, Melester, Melesian, and Rene but does not abut any of them.
On October 30, 2001, Melester, Mele-sian, and Rene sued Edwards and Parker, alleging that Edwards and Parker had trespassed on their land and attempted to erect a fence on the parcels of Melester and Melesian. Their complaint stated (1) a claim seeking a judgment declaring the location of the boundary line separating Melester’s and Melesian’s parcels from Edwards’s parcel and (2) a claim of trespass. Edwards and Parker answered the complaint with a general denial and asserted a counterclaim seeking an attorney fee pursuant to the Alabama Litigation Accountability Act (“the ALAA”), § 12-19-270 et seq., Ala.Code 1975.
The trial court, sitting without a jury, received evidence ore tenus on February 19 and July 7, 2004. On December 1, 2006, the trial court entered an order stating that the primary issue for determination was the location of the section line and *102 appointing Glen McCord, a registered land surveyor, to determine the location of the section line. On March 5, 2008, the trial court entered an order stating that McCord had completed his survey, ordering the parties to obtain copies of the survey from McCord, ordering the parties to file any objections to McCord’s survey on or before March 31, 2008, and scheduling a final hearing for April 9, 2008. McCord’s survey depicted the section line as being located south of the gravel road.
When no objection to McCord’s survey was filed in accordance with the trial court’s March 5, 2008, order, the trial court, on November 3, 2008, entered an order stating:
“This matter has been before the Court pending completion of the court ordered survey and the same having been received by the parties and filed with the Court it is hereby ORDERED, ADJUDGED AND DECREED that the survey filed by Mr. Glen McCord is hereby adopted, approved, and incorporated in this order as the official boundary between the parties, them heirs, assignees and/or successors.”
On November 19, 2008, Edwards and Parker filed a motion to vacate the trial court’s November 3, 2008, order. As grounds, Edwards and Parker asserted, among other things:
“1. That Glen McCord has not shown the parties where the property lines are on the ground which is necessary for the benefit of the parties.
“2. That the parties deserve a hearing in this matter and to have the right to take testimony from Glen McCord under oath relative to comparing his survey to the other surveys which have been done in this case.”
On November 24, 2008, Melester, Mele-sian, and Rene objected to Edwards and Parker’s motion to vacate the trial court’s November 3, 2008, order. On January 13, 2009, the parties jointly filed a pleading in which they expressly consented to extend the time for the trial court to rule on Edwards and Parker’s motion to vacate the November 3, 2008, order until the trial court could hear the motion and enter an order ruling on it.
On October 13, 2010, the trial court held an evidentiary hearing regarding Edwards and Parker’s motion to vacate the trial court’s November 3, 2008, order. On October 25, 2010, the trial court entered an order stating:
“This matter came before the Court on [Edwards and Parker’s] motion to set aside the November 3, 2008, order and, having considered the same, it is ORDERED, ADJUDGED AND DECREED said motion is denied and the boundaries established by the survey of Mr. Glen McCord shall be marked and set as the identifying lines.”
On November 29, 2010, Edwards and Parker appealed to the supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Initially, we note that the judgment of the trial court did not expressly rule on the trespass claim of Melester, Melesian, and Rene or the ALAA counterclaim of Edwards and Parker. We also note that Parker concedes in his brief to this court that he does not own an interest in any of the parcels of land affected by the trial court’s determination regarding the location of the boundary line. Although the parties have not raised the issue whether this court has jurisdiction over the appeal, “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’” Stone v. Haley, 812 So.2d 1245, 1245-46 (Ala.Civ.App.2001) (quoting Wallace v. Tee *103 Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997)).
The absence from the trial court’s judgment of an express ruling regarding the trespass claim and the ALAA counterclaim raises an issue regarding this court’s jurisdiction because, “[o]rdinarily, only a final judgment will support an appeal” and “[a]n order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is generally not final.” Stone, 812 So.2d at 1246. However, in Hingle v. Gann, 368 So.2d 22, 24 (Ala.1979), the supreme court treated a judgment that established a boundary line but did not expressly rule on the parties’ trespass claims as impliedly denying those trespass claims. Accordingly, based on Hingle v. Gann, we treat the judgment of the trial court in the case now before us as having impliedly denied Me-lester, Melesian, and Rene’s trespass claim.[1] Moreover, Alabama courts have held that a trial court’s entry of a judgment without specifically reserving jurisdiction over an ALAA claim constitutes an implied denial of that claim. See McGough v. G & A, Inc., 999 So.2d 898, 903 (Ala.Civ.App.2007). Therefore, in the case now before us, the absence of any mention of Edwards and Parker’s ALAA counterclaim in the trial court’s judgment constituted an implied denial of that counterclaim.[2] Accordingly, we conclude that the judgment of the trial court is a final, appealable judgment.
However, Parker’s concession that he does not own an interest in any of the parcels of land affected by the trial court’s determination regarding the boundary line establishes that he was not aggrieved by that determination. A party that is not aggrieved by a trial court’s judgment lacks standing to appeal from that judgment, and this court lacks jurisdiction over such an appeal. See Buco Bldg. Constructors, Inc. v. Mayer Elec. Supply Co., 960 So.2d 707, 711-12 (Ala.Civ.App.2006). Accordingly, we conclude that, because Parker was not aggrieved by the trial court’s determination regarding the boundary line, we lack jurisdiction over the appeal insofar as he purports to appeal that determination, and, therefore, we dismiss the appeal with respect to Parker.
We will now consider Edwards’s argument that the trial court erred in determining the boundary line. In Todd v. Owens, 592 So.2d 534, 535 (Ala.1991), the supreme court stated the applicable standard of review:
“ ‘ “[A] judgment establishing a boundary line between coterminous landowners on evidence submitted ore tenus is presumed to be correct and need only be supported by credible evidence. If so supported, the trial court’s conclusions will not be disturbed on appeal unless plainly erroneous or manifestly unjust.” Tidwell v. Strickler, 457 So.2d 365, 367 (Ala.1984) (citations omitted).’
“Garringer v. Wingard, 585 So.2d 898, 899 (Ala.1991). The presumption of correctness is especially strong in boundary line dispute cases because it is difficult for the appellate court to review the evidence in such cases. Bearden v. Ellison, 560 So.2d 1042 (Ala.1990).”
*104 Edwards argues that the judgment of the trial court establishing the boundary line where it is located on McCord’s survey is not supported by credible evidence and is plainly and palpably erroneous.
During the ore tenus proceeding in 2004, the parties introduced a number of surveys and maps prepared over the years by registered land surveyors. Some of the surveys and maps do not depict the gravel road and, therefore, shed no light on the issue whether the section line is located north or south of the gravel road. Some of the surveys and maps depict the section line as being located north of the gravel road, while others depict the section line as being located south of the gravel road. There was testimony indicating that some of the landmarks used by some of the earlier surveyors in locating the section line have been removed. Presumably because the surveys that had been introduced into evidence during the 2004 ore tenus proceeding were in conflict regarding the location of the section line, the trial court appointed McCord to prepare a survey. The McCord survey depicted the section line as being located south of the road and thus supported Melester and Melesian’s contention regarding the location of the section line. Although Edwards contends on appeal that his questioning of McCord at the October 13, 2010, hearing indicates that McCord’s survey was not reliable, whether McCord’s survey is reliable is a question of fact. In ore tenus proceedings, the trial court is the sole judge of the facts and of the credibility of the witnesses. Woods v. Woods, 653 So.2d 312, 314 (Ala.Civ.App.1994). McCord testified that his survey was accurate and reliable. Consequently, the trial court, as the sole judge of the facts and of the credibility of the witnesses, could have, and presumably did, find that McCord’s testimony that his survey was accurate and reliable was credible, and this court cannot substitute its judgment for that of the trial court in that regard. See Gladden v. Gladden, 942 So.2d 362, 369 (Ala.Civ.App.2005).
Given the surveys supporting the trial court’s judgment, including the McCord survey itself, we cannot hold that the trial court’s determination regarding the location of the boundary line is either unsupported by credible evidence or plainly erroneous and manifestly unjust. Accordingly, we affirm the judgment of the trial court.
APPEAL DISMISSED AS TO EARL PARKER; AFFIRMED.
PITTMAN and MOORE, JJ., concur.
THOMPSON, P.J., and THOMAS, J., concur in the result, without writings.

. Melester, Melesian, and Rene have not cross-appealed the implied denial of their trespass claim. Therefore, the propriety of that ruling is not before us.

. Edwards and Parker have not argued that the trial court erred in impliedly denying their ALAA counterclaim. Therefore, they have waived that issue. See Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982) ("When an appellant fails to argue an issue in its brief, that issue is waived.”).