THOMAS, Judge.
On June 25, 2010, the Calhoun County Department of Human Resources (“DHR”) filed petitions seeking the termination of the parental rights of D.D. (“the mother”) and F.P. (“the father”) to M.L.P. and T.L.P. The petition seeking termination of the parents’ rights to M.L.P. was assigned case number JU-05^429.04; the petition regarding T.L.P. was assigned case number JU-05-430.04. On August 17, 2010, DHR moved to perfect service on the mother by publication; the juvenile court granted that motion on August 23, 2010. The mother was appointed counsel.
The termination trial regarding both M.L.P. and T.L.P. was held in December 2010. Neither the mother nor the father appeared at the trial; the mother’s appointed counsel, however, did appear and represented the mother at trial. After the trial, the juvenile court entered an order in case number JU-05-429.04 terminating the parental rights of only the mother to M.L.P. on January 12, 2011. That order did not address the parental rights of the father, who had been served with the petition in case number JU-05-429.04 in July 2010 but who had not been served with the petition in case number JU-05 — 430.04 at the time of the December 2010 trial.[1] Thus, the January 12, 2011, order in case number JU-05-429.04, which failed to adjudicate all claims pending before the juvenile court, was not a final judgment. See P.D.S. v. Marshall Cnty. Dep’t of Human Res., 32 So.3d 1288, 1290-91 (Ala.Civ.App.2009) (dismissing an appeal as having been taken from a nonfinal judgment because the juvenile court had not adjudicated a pending claim for termination of the father’s parental rights).
The father was subsequently served with the petition in case number JU-05-430.04 in January 2011. On March 15, 2011, the juvenile court entered a judgment in case number JU-05-429.04 terminating the parental rights of the mother and the father to M.L.P. On that same date, the juvenile court entered an order terminating the parental rights of only the mother to T.L.P. in case number JU-05-430.04; that order, because it failed to adjudicate the issue regarding the father’s parental rights, was not a final judgment. See P.D.S., 32 So.3d at 1290-91.
On March 21, 2011, the juvenile court entered orders (“the set-aside orders”) setting aside the January 12, 2011, order and the March 15, 2011, judgment in case number JU-05-429.04 and the March 15, 2011, order in case number JU-05-430.04. No motion seeking such action was filed by any party in either case, but the set-aside orders state that unspecified clerical errors in the earlier orders and judgment *379 had been brought to the juvenile court’s attention by DHR. Also on March 21, 2011, the juvenile court entered in case number JU-05-429.04 a judgment terminating the parental rights of the mother and the father to M.L.P. The juvenile court also entered on that same date an order in case number JU-05-430.04 terminating the parental rights of only the mother to T.L.P.; that order, like the March 15, 2011, order in case number JU-05-430.04, was not a final judgment. See P.D.S., 32 So.3d at 1290-91.
The mother filed a timely postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., in case number JU-05-429.04 directed to the March 21, 2011, judgment.[2] That motion was denied by operation of law. See Rule 59.1, Ala. R. Civ. P.; Rule 1(B), Ala. R. Juv. P. The mother then appealed the judgment in case number JU-05-429.04 and the order in case number JU-05-430.04 to this court.[3] She argues that DHR had not established that service by publication was proper and, thus, that the juvenile court had erred by permitting service of the mother by publication; therefore, the mother contends, the judgment in case number JU-05-429.04 and the order in case number JU-05-430.04 are void for lack of personal jurisdiction. We are not convinced by the mother’s argument.
At the outset, as part of our customary review to be certain that this court has jurisdiction over this appeal, we conclude that the set-aside order entered by the juvenile court on March 21, 2011, in case number JU-05-429.04 was effective to set aside the juvenile court’s earlier judgment in case number JU-05-429.04.[4] The juvenile court’s March 21, 2011, set-aside order in case number JU-05-429.04 was effective to set aside the March 15, 2011, judgment terminating the mother’s parental rights regarding M.L.P. because the juvenile court retains the power to modify or set aside its own judgments during the 14-day postjudgment period applicable to juvenile-court judgments. See Pierce v. American Gen. Fin., Inc., 991 So.2d 212, 215 (Ala.2008) (citing Ennis v. Kittle, 770 So.2d 1090, 1091 n. 1 (Ala.Civ.App.1999)) (“Rule 59 likewise allows a trial court to alter, amend, or vacate its judgment sua sponte within 30 days of the entry of the judgment....”); Rule 1(B), Ala. R. Juv. P. *380 (providing that postjudgment motions pursuant to Rule 59 are to be brought within 14 days after entry of a judgment in juvenile court). In addition, the juvenile court had jurisdiction to modify the January 12, 2011, order in case number JU-05-429.04, despite the fact that it had been entered two months earlier, and the March 15, 2011, order in case number JU-05-430.04; as noted above, neither order was a final judgment because each order failed to address the parental rights of the father, whose rights DHR also sought to terminate. See P.D.S., 32 So.3d at 1290-91. Those interlocutory orders were subject to revision at any time. Rheams v. Rheams, 378 So.2d 1125, 1128 (Ala.Civ.App.1979) (“An interlocutory judgment is subject to modification at any time before final judgment.”).
However, because the March 21, 2011, order terminating the mother’s parental rights to T.L.P. in case number JU-05-430.04 also fails to address the issue regarding the parental rights of the father, that order is also not a final judgment. See P.D.S., 32 So.3d at 1291. The juvenile court’s March 21, 2011, order in case number JU-05-30.04 is therefore not capable of supporting an appeal to this court. See id. Accordingly, we must dismiss the mother’s appeal insofar as it is from the juvenile court’s March 21, 2011, order in case number JU-05-430.04. See id.
We can, however, address the mother’s appeal from the March 21, 2011, judgment terminating her parental rights to M.L.P. in case number JU-05-429.04. That judgment terminated the parental rights of both the mother and the father, thereby resolving all the claims pending before the juvenile court. See P.B. v. P.C., 946 So.2d 896, 898 (Ala.Civ.App.2006). In the mother’s timely postjudgment motion challenging the March 21, 2011, judgment terminating her parental rights to M.L.P. in case number JU-05-429.04, the mother challenged the sufficiency of the evidence to support the termination of her parental rights and argued that she had not been notified of the trial date.
The mother argues on appeal that DHR did not establish that service by publication was proper because it did not explain in its affidavit in support of its motion seeking to serve the mother by publication what efforts it had made to locate the mother’s address for personal service. However, as DHR points out, the mother never asserted at any point in the juvenile-court proceedings that service by publication was improper. Although the mother did not appear at the December 2010 trial, the mother’s attorney appeared on her behalf and did not lodge any objection to the juvenile court’s jurisdiction over the mother during the proceeding. In fact, at the outset of trial, someone at the trial stated that the mother had been properly served, and, later in the trial, the juvenile court specifically questioned DHR regarding its attempts at service; the mother’s attorney did not interpose any objection to service of process by publication at any point in the trial. The mother’s post-judgment motion raised the issue of notice of the trial date; however, it did not challenge the sufficiency of service of process.
An argument as to insufficient or improper service of process may be waived if it is not raised in a motion to dismiss or in the first responsive pleading or a proper amendment thereto. See Rule 12(h)(1), Ala. R. Civ. P. A general appearance by a party either in person or through an attorney waives any objection to improper service of process. Kingvision Pay-Per-View, Ltd. v. Ayers, 886 So.2d 45, 53 (Ala.2003) (quoting Lonning v. Lonning, 199 N.W.2d 60, 62 (Iowa 1972)) (“ ‘A general appearance is a waiver of notice and if a party appears in person or by attorney he submits himself to the jurisdiction of the court.’ ”). An appearance may be made by *381 filing an answer or other pleading, id. (“‘The filing of a pleading is a general appearance.’ ”), or by voluntarily appearing for and participating in trial. Boudreaux v. Kemp, 49 So.3d 1190, 1197 (Ala.2010) (stating that “it is true that [the Alabama Supreme] Court has previously acknowledged that a defendant may waive defects in service by voluntarily appearing in the proceedings” but concluding that the parties in question had not appeared or participated in the proceedings at issue). The mother’s attorney’s failure to raise an issue regarding service of process at the trial waived that issue, and we cannot consider it on appeal. See Klaeser v. Milton, 47 So.3d 817, 821 (Ala.Civ.App.2010) (holding that the failure to challenge service of process at the time the appellant first appeared before the trial court after the entry of a default judgment against her waived the defense); D.B. v. M.A., 975 So.2d 927, 937-38 (Ala.Civ.App.2006) (determining that an adoptive couple who appeared in and participated in the juvenile-court proceedings and who had not raised the issue of insufficiency of proper service of process until their postjudgment motion had waived their right to proper service of process and could not raise the argument on appeal). The mother makes no further arguments on appeal; therefore, the March 21, 2011, judgment terminating the mother’s parental rights to M.L.P. in case number JU-05-429.04 is affirmed.
AFFIRMED AS TO CASE NUMBER JU-05-429.04; APPEAL DISMISSED AS TO CASE NUMBER JU-05-430.04.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., concurs in the result, without writing.

. The transcript reflects the trial court’s intention to enter a judgment terminating the rights of the father, who was incarcerated at the time of the December 2010 trial, as soon as proper service was perfected upon him in case number JU-05-430.04.

. The mother also filed what purports to be a postjudgment motion directed to the order in case number JU-05-430.04; however, because the March 21, 2011, order in case number JU-05-430.04 was not a final judgment, and because a " 'Rule 59 motion may be made only in reference to a final judgment,’ ” Ex parte Troutman Sanders, LLP, 866 So.2d 547, 550 (Ala.2003) (quoting Malone v. Gainey, 726 So.2d 725, 725 n. 2 (Ala.Civ.App.1999)), the mother’s motion in case number JU-05-430.04 was not a postjudgment motion.

. The father did not appeal the termination of his rights to M.L.P. in case number JU-05-429.04.

. We note that the juvenile court was not required to set aside its March 15, 2011, judgment in case number JU-05-429.04 in order to correct mere clerical errors. The juvenile court had the power to correct any clerical errors in its judgment pursuant to Rule 60(a), Ala. R. Civ. P. An order correcting a clerical error in a judgment pursuant to Rule 60(a) does not affect the finality of the original judgment and does not toll the time for taking an appeal. Levine v. Malaga Rest., Inc., 501 So.2d 1231, 1233 (Ala.Civ.App.1987) (quoting Barris v. Bob's Drag Chutes & Safety Equip., 717 F.2d 52, 55 (3rd Cir.1983)). “The amendment [to correct a clerical error] relates back to the original judgment and becomes a part of it.” Bergen-Patterson, Inc. v. Naylor, 701 So.2d 826, 829 (Ala.Civ.App.1997). However, in its March 21, 2011, set-aside order, the juvenile court specifically set aside the March 15, 2011, judgment, and, as explained in the text of this opinion, it clearly had the authority to do so. Accordingly, we will not treat the March 21, 2011, judgment in case number JU-05-429.04 as a corrected judgment under Rule 60(a).