THOMPSON, Presiding Judge.
On February 25, 2009, the Jefferson County Department of Human Resources (“DHR”) filed in the Jefferson Juvenile Court (“the juvenile court”) four petitions seeking to have T.A.S., O.D.P., Z.J.P., and Q.D.J. (hereinafter referred to collectively as “the children”) declared dependent and seeking an award of custody of the children to DHR. The actions initiated by those petitions were designated as case numbers JU-09-50515, JU-09-50516, JU-09-50517, and JU-09-50518 and are hereinafter referred to collectively as “the dependency actions.” In its dependency petitions, DHR alleged that the children’s mother is T.H. (“the mother”) and that the children’s sibling, L.A.S., had died in the family’s home under circumstances causing DHR to be concerned for the children’s safety. On February 27, 2009, the juvenile court entered shelter-care orders awarding DHR pendente lite custody of the children and ordering that the mother have no contact with the children pending further orders of the court. On March 2, 2009, after a hearing, the juvenile court continued pendente lite custody of the children with DHR but awarded the mother supervised visitation with the children. Additional review orders were entered in the dependency actions in May 2009 and September 2009, and, pursuant to those orders, custody of the children remained with DHR.
On October 20, 2009, the mother filed motions in the dependency actions seeking the return of custody of the children to her. In support of those motions, the mother submitted a letter from the Jefferson County district attorney indicating that a grand jury had not indicted her on charges of criminally negligent homicide in connection with the death of L.A.S. The mother later renewed those motions seeking the return of custody of the children. The juvenile court subsequently entered review orders requiring the mother to complete a psychological examination and a substance-abuse assessment and to comply with other reunification goals identified by DHR.
On May 24, 2010, the juvenile court entered orders in the dependency actions incorporating a stipulation of the parties that the children were dependent, as that term is defined in § 12-15-102(8), Ala. Code 1975. In the May 24, 2010, orders, the juvenile court ordered the mother to comply with DHR’s reunification goals, continued the award of supervised visitation for the mother, and ordered the mother not to attend visitation arranged for the benefit of other relatives. The juvenile court also reserved the issue of an award of a specific amount of child support, but it noted that the mother was “under an ongoing obligation” to contribute to the support of the children.
On October 20, 2010, the mother again filed in the dependency actions motions asking the juvenile court to return custody of the children to her. Two days later, on October 22, 2010, DHR filed petitions seeking to terminate the mother’s parental rights to the children. Each of DHR’s termination-of-parental-rights petitions initiated a separate claim from those asserted in the dependency actions, and, therefore, each of the claims was assigned a .01 designation for the case numbers for the dependency actions.
On November 5, 2010, DHR filed motions in the dependency actions seeking an award of child support, including retroactive child support, for each of the children. See § 12-15-314(e), Ala.Code 1975 (providing, in part, that “[a]ny petition alleging *585 dependency of a child filed by the Department of Human Resources shall contain a request for child support”). In those motions, DHR alleged that it anticipated that the mother might be a recipient of funds from the settlement of a legal action pertaining to the death of L.A.S.[1]
On January 5, 2011, the juvenile court entered orders in the dependency actions stating that it had not had time during a hearing on that date to consider the mother’s pending motions for a return of custody or DHR’s pending motions for child support but that a hearing on those motions was to be conducted in February 2011. In those orders, the juvenile court noted that the scheduled evidentiary hearing would serve as a “preliminary hearing” for DHR’s petitions seeking the termination of the mother’s parental rights.
The juvenile court heard testimony and the arguments of counsel over the course of four days during February and March 2011. At the beginning of that hearing, the juvenile court expressly noted that it was not considering DHR’s separate claims seeking the termination of the mother’s parental rights at that hearing.
On July 15, 2011, the juvenile court entered an order pertaining to all four dependency actions in which it, among other things, ordered that custody of the children remain with DHR, awarded the mother supervised visitation, ordered the mother to provide all the attorneys an updated relative-resources list, and ordered the mother to bring evidence of her income to the next hearing; in the interim, the mother was ordered to “voluntarily pay child support” for the benefit of the children. On July 22, 2011, the mother filed a notice of appeal to this court.
Although neither party has addressed this court’s jurisdiction over this appeal as it relates to the finality of the juvenile court’s July 15, 2011, order from which this appeal is taken, jurisdictional issues are of such significance that an appellate court may take notice of them ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997). Generally, “only a final judgment will support an appeal. § 12-22-2, Ala.Code 1975. An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is generally not final.” Stone v. Haley, 812 So.2d 1245, 1246 (Ala.Civ.App.2001).
In this case, the juvenile court conducted a hearing in the dependency actions on the mother’s motions requesting a return of custody to her and DHR’s claim for child support. However, the juvenile court’s July 15, 2011, order did not resolve DHR’s pending claim seeking child support; it postponed ruling on that claim until the mother produced additional evidence pertaining to her income.[2] Accordingly, we conclude that, because the juvenile court failed to establish a child-support award as requested in DHR’s motions for such an award, the July 15, 2011, *586 order is nonfinal. M.S.M. v. M.W.M., 72 So.3d 626, 636 (Ala.Civ.App.2011); Naylor v. Naylor, 981 So.2d 440, 441 (Ala.Civ.App.2007); and Newman v. Newman, 957 So.2d 1153, 1154 (Ala.Civ.App.2006). When an appeal is taken from a nonfinal order, the appeal must be dismissed. Moore v. Strickland, 54 So.3d 906, 908 (Ala.Civ.App.2010); V.C. v. C.T., 976 So.2d 465, 468 (Ala.Civ.App.2007); and Sleasman v. Sleasman, 907 So.2d 1075, 1076 (Ala.Civ.App.2005). Accordingly, we dismiss the mother’s appeal as having been taken from a nonfinal judgment.
APPEAL DISMISSED.
PITTMAN and THOMAS, JJ., concur.
MOORE, J., dissents, with writing, which BRYAN, J., joins.

. We note that arguments of counsel on another issue during the final hearing in the dependency actions indicated that L.A.S.’s maternal grandmother had filed an action against DHR in connection with L.A.S.’s death and that the parties had settled that claim. During those arguments, DHR’s attorney pointed out that the mother, rather than the maternal grandmother, would likely receive any award from that action because it would be paid to the estate of L.A.S.

. We note that § 12-15-314(e), Ala.Code 1975, provides that, when a dependent child is placed in DHR’s custody, “the juvenile court shall order child support in conformity with the child support guidelines as set out in Rule 32, Alabama Rules of Judicial Administration.”