On Rehearing Ex Mero Motu

THOMPSON, Presiding Judge.
This court hereby places this case on rehearing ex mero motu. This court’s opinion of June 17, 2016, was previously withdrawn by order.
The Mobile County Department of Human Resources (“DHR”) appeals from three separate orders of the Mobile Juvenile Court (“the juvenile court”), entered on September 15, 2015, denying its petitions seeking to terminate the parental rights of T.W. (“the mother”) and L.M. (“the father”) to their three children.
In response to DHR’s arguments on appeal, the mother argues that the juvenile court’s September 15, 2015, orders were not sufficiently final to support the appeal. Each of the September 15, 2015, orders states, in pertinent part:
“3. The child is a dependent child as that term is defined in the Code of Alabama and is in the legal custody of [DHR,] which agency is charged with providing services for dependent children.
“4. The mother and the father were both duly served with notice of the petition on December 19, 2014.
“5. The testimony presented to the Court as summarized, in part by the attached report which was admitted into evidence, establishes that the father has abandoned the child and the child’s siblings as that term is defined in the Code of Alabama.
“6. Said evidence also establishes that the mother has made little progress towards completing the plan of reunification, and that [DHR] made all reasonable efforts to promote reunification by offering numerous services to the mother over a period of several years, although the mother continues to make efforts.
“7. The Court finds that at the present time the mother is unable to discharge her responsibilities to and for the child, as she, at the time of the hearing, was still in drug treatment having had a positive drug screen as late as April, 2015.
“8. However, the Court further finds that the child has no adoptive *1121 resource available at this time. Consequently, the Court concludes that the Court cannot make a finding that it is in the best interest of the child to terminate the parental rights of the parents to allow a plan of adoption to be finalized because at the present time there is no available resource and given the age of the child and the nature of the relationship between the siblings, the Court cannot find that [DHR] will be able, in the foreseeable future, to finalize [its] plan of adoption.
“9. The Court concludes therefore that [DHR] should continue to attempt reunification efforts with the mother, while at the same time [DHR] can seek an adoptive resource.
“10. However, it is due to the policies of [DHR] of not seeking adoptive resources prior to the granting of a termination of parental rights petition that prevents a true effort to achieve concurrent plans. Thus, the Court cannot find from clear and convincing evidence that adoption is an achievable plan.
“It is therefore ORDERED, ADJUDGED, and DECREED by the Court that the petition to terminate parental rights is hereby DENIED. The Court does ORDER [DHR] to exercise additional efforts to reunify the child with the mother and does set the matter for a permanency hearing on 12/18/2015 at 8:30 a.m.
“It is further ORDERED that [DHR] shall be prepared on that date, as shall the mother, to present evidence of the progress being made towards reunification. It is further ORDERED that the petition to terminate parental rights is not dismissed, but merely denied at this time. Should [DHR] present evidence that the mother has made little or no progress towards reunification, and that there is no reasonable expectation that progress can be made, and present to the Court evidence that [DHR] can reasonably expect to successfully place the child for adoption, the Court will reconsider the granting of the petition.
[[Image here]]
“The Court does reserve jurisdiction to enter such further and future orders as may be necessary for the best interests of the child.”
(Capitalization in original.)
This court may consider an appeal only from a juvenile court’s final judgment. Rule 4(a)(1)(E), Ala. R. App P.
“Subject to certain exceptions not relevant in this case, an appeal lies only from a final judgment. § 12-22-2, Ala. Code 1975; Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990). “[A] final judgment is a terminative decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court.” ’ Dabbs v. Four Tees, Inc., 984 So.2d 454, 456 (Ala.Civ.App.2007) (quoting Jewell v. Jackson & Whitsitt Cotton Co., 331 So.2d 623, 625 (Ala. 1976)). ‘ “[T]he test of a judgment’s finality is whether it sufficiently ascertains and declares the rights of the parties.”’ Coosa Valley Health Care v. Johnson, 961 So.2d 903, 905 (Ala.Civ. App.2007) (quoting Ex parte DCH Reg’l Med. Ctr., 571 So.2d 1162, 1164 (Ala.Civ.App.1990)).”
Ex parte K.S., 71 So.3d 712, 714 (Ala.Civ.App.2011).
In this case, the September 15, 2015, orders denied DHR’s petitions to terminate the parents’ parental rights at that time, i.e., at the time the juvenile court entered its orders. However, those orders *1122 specify that the juvenile court is not dismissing the termination-of-parental-rights petitions or entering a permanent ruling on those petitions. Instead, the juvenile court ordered that DHR and the mother present additional evidence regarding the merits of DHR’s termination petitions.[1] Thus, the September 15, 2015, orders did not ascertain or declare the rights of the parties to the termination actions; rather, those orders anticipate a future ruling on the merits of DHR’s termination petitions.
“Generally, ‘only a final judgment will support an appeal. § 12-22-2, Ala. Code 1975. An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is generally not final.’ Stone v. Haley, 812 So.2d 1245, 1246 (Ala.Civ.App.2001).” T.H. v. Jefferson Cty. Dep’t of Human Res., 100 So.3d 583, 585 (Ala.Civ.App. 2012). The September 15, 2015, orders do not dispose of DHR’s claims seeking the termination of the parents’ parental rights. Accordingly, we conclude that those orders are not final and that this appeal is due to be dismissed. T.H., supra.
APPEAL DISMISSED.
DONALDSON, J., concurs.
MOORE, J., concurs in the result, without writing.
THOMAS, J., dissents, with writing, which PITTMAN, J., joins.

. We also note that, although it found in its September 15, 2015, orders that the father had abandoned the children, the juvenile court did not make any further mention of the father, other than in its general denial, at that time, of the termination-of-parental-rights petitions. See P.D.S. v. Marshall Cty. Dep’t of Human Res., 32 So.3d 1288, 1290-91 (Ala. Civ.App.2009) (holding that a juvenile court’s failure to rule on that part of a petition that sought the termination of the father’s parental rights rendered its order terminating the mother’s parental rights nonfinal).