THOMAS, Judge,
dissenting.
I cannot conclude that the judgments in the present case are nonfinal judgments. The Mobile Juvenile Court, based on the evidence presented at the trial on the termination-of-parental-right petitions, determined that the petitions were due to be denied. Then, in its judgments, the juvenile court purported to maintain jurisdiction over the petitions so that, at some future date, the Mobile County Department of Human Resources (“DHR”) could present evidence indicating whether T.W. (“the mother”) was making any progress toward reunification based on rehabilitation efforts undertaken by DHR after the conclusion of the trial and after the entry of the judgments denying DHR’s petitions. Thus, the juvenile court denied the petitions based on the evidence presented at the trial regarding the current conditions of the mother and L.M. (“the father”) and purported to maintain jurisdiction over the petitions pending presentation of new evidence regarding the mother’s progress toward reunification.
This case is not like T.H. v. Jefferson County Department of Human Resources, 100 So.3d 583, 585 (Ala.Civ.App.2012), which involved a juvenile court’s failure to address a claim for child support, or Ex parte K.S., 71 So.3d 712, 714 (Ala.Civ.App.2011), which involved an order issued by a juvenile court after a review hearing in which the juvenile court directed a parent to enter a residential woman’s shelter and complete its programs. Instead, in this case, the juvenile court heard the evidence regarding both parents and their ability or willingness to perform their parental duties, and it determined that, based on that evidence, and at the time of the entry of the judgments, the termination of the *1123 parents’ parental rights was not warranted. Thus, it decided the controversy before it.
A juvenile court cannot properly allow a party to later reopen a case to present evidence that was not merely undiscovered at the time of the original trial but did not actually exist at the time of the original trial. To do so in this case would, in effect, grant to DHR a new trial based on new evidence that had, at the time of the entry of the judgments, not come into being. We do not permit a trial court to grant a new trial under Rule 59 or Rule 60(b)(2), Ala. R. Civ. P., when a party seeks to present new evidence, because, as our supreme court has explained, allowing a new trial based on “evidence which has come into existence after the trial is over ... would allow all trials perpetual life.” Moody v. State ex rel. Payne, 344 So.2d 160, 163 (Ala.1977). Newly discovered evidence may form the basis of a motion seeking to reopen the evidence or a motion for a new trial; however, new evidence cannot. Marsh v. Smith, 67 So.3d 100, 107-08 (Ala.Civ.App.2011). Thus, I conclude that the judgments denying DHR’s petitions were final judgments and that the juvenile court’s attempt to retain jurisdiction over the petitions for the later presentation of whatever new evidence might come into being was a nullity. I would therefore consider the merits of DHR’s appeal.
PITTMAN, J., concurs.