THOMPSON, Presiding Judge,
concurring in the result.
I concur in the result reached by the main opinion. I agree that the pending contempt motions render the July 23,2015, order nonfinal, I conclude that the trial court’s July 23, 2015, order is also nonfinal because it schedules unidentified issues for “review” after a later hearing at which it would receive evidence. The July 23, 2015, order does not make clear whether the trial court intended to consider the issues of custody, child support, or visitation, or a combination of those issues, at the later hearing or whether it planned to address the pending contempt claims at that hearing. Regardless, I think it is clear that the trial court did not intend to rule on all of the issues pending before it at the time it entered its July 23, 2015, order. “An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is generally not final.’ Stone v. Haley, 812 So.2d 1245, 1246 (Ala.Civ.App.2001).” T.H. v. Jefferson Cty. Dep’t of Human Res., 100 So.3d 583, 585 (Ala.Civ.App.2012). This court is dismissing the appeal because it was taken from a nonfinal order; accordingly, the trial court is free to address any of the pending issues.