Doris L. Henning ("the former wife") and Terry L. Henning ("the former husband") were divorced in May 2003. The judgment of divorce required the former husband to pay the former wife monthly alimony in the amount of $3,500, to maintain health-insurance coverage on the former wife through COBRA as long as permitted by law, and to maintain the former wife as an irrevocable beneficiary of one-half of the proceeds of any life-insurance policy he currently had in existence and, in the event that the existing policy was terminated for any reason, to maintain the former wife as a beneficiary of a policy of equal value. In July 2005, the former husband moved to terminate, suspend, or reduce his alimony, health-insurance, and life-insurance obligations under the divorce judgment because he was being dismissed from his employment effective August 1, 2005. The former husband later amended his motion to report that he could continue to make the monthly alimony payment through December 2005 but that he had lost his health insurance and life insurance when he was dismissed from his employment. The former wife objected to the former husband's request that his obligations *Page 525 
under the divorce judgment be terminated and moved to hold the former husband in contempt for failing to pay alimony during the pendency of his motion.
After a trial, the trial court entered a judgment that reduced the former husband's alimony obligation to $1,750 per month and held the former husband in contempt for failing to pay alimony as requested by the former wife; the trial court permitted the former husband to purge himself of contempt by complying with all orders of the court. In addition, the trial court awarded the wife a $17,500 alimony arrearage and awarded the former wife's attorney $1,000 to be applied to his fee. The judgment did not address the former husband's obligation to maintain a life-insurance policy naming the former wife as a beneficiary or his obligation to maintain health insurance on the former wife pursuant to COBRA. However, the former husband testified, and the former wife did not refute, that the former husband had paid the COBRA premiums for 36 months, the amount of time that the former wife was eligible for coverage pursuant to COBRA; thus, the former husband's health-insurance obligation expired pursuant to the terms of the divorce judgment. Both parties filed timely post-judgment motions. The former wife argued in her postjudgment motion that the trial court had failed to rule on whether the former husband would continue to be required to maintain a life-insurance policy naming the former wife as a beneficiary; the former husband argued in his post-judgment motion that he was unable to pay even the reduced amount of alimony the trial court had ordered. After a hearing on the postjudgment motions, the trial court denied them both. Both parties appeal.
The former wife argues in her brief that the trial court intended to deny the former husband's motion to terminate his obligation to maintain a life-insurance policy naming her as beneficiary; however, she argues that we should remand the case to the trial court for it to enter an order compelling the former husband to obtain a replacement life-insurance policy as required by the divorce judgment. The former husband argues that a remand is not required and that the trial court clearly intended to terminate his obligation to maintain a life-insurance policy naming the former wife as a beneficiary because it did not hold him in contempt for his failure to maintain the policy or order him to obtain a replacement policy. Although neither party argues that the failure of the trial court to make a ruling on the life-insurance issue impacts this court's jurisdiction, we can notice a jurisdictional issueex mero motu. See Ruzic v. State ex rel. Thornton,866 So.2d 564, 568-69 (Ala.Civ.App. 2003) (discussing the general rule that this court notices lack of jurisdiction ex meromotu and citing to several cases noting that rule).
An appeal ordinarily lies only from the entry of a final judgment. Ala. Code 1975, § 12-22-2; Bean v.Craig, 557 So.2d 1249, 1253 (Ala. 1990). A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided. Ex parteHarris, 506 So.2d 1003, 1004 (Ala.Civ.App. 1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Bean, 557 So.2d at 1253.
The trial court, despite the request from the former wife to rule on the issue in her postjudgment motion, failed to rule on the former husband's request that his obligation to maintain a life-insurance policy naming the former wife as a beneficiary be terminated. Thus, one of the claims of the parties remains unresolved. We cannot, *Page 526 
despite the urging of each party, decide which result the trial court intended by its silence on the issue. Because the appeals are from a nonfinal judgment, we dismiss the appeals.
In light of our dismissal of the appeals, we deny the parties' respective requests for an attorney fee on appeal at this time.
APPEALS DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.