THOMAS, Judge.
 

 Jeffery Dale Wood (“the husband”) appeals from a judgment of the Etowah Circuit Court divorcing him and Susan Alline Wood (“the wife”). We dismiss for want of jurisdiction.
 

 The husband and the wife were married in June 1983. Two children were born of the man'iage, one of whom was a minor at the time of the parties’ divorce. On January 30, 2008, the wife sued the husband for a divorce. The wife, in her complaint, requested, among other things, possession of the marital home, that the husband be solely responsible for the outstanding mortgage on the marital home, and that the husband pay the wife alimony and child support. The wife also requested postminority educational support for the parties’ minor child, who was near the age of majority.
 

 On January 30, 2008, the wife also moved the trial court for pendente lite relief, repeating the requests from her divorce complaint. On the same day, the trial court entered an order setting a date for a hearing on the wife’s motion for pendente lite relief, granting the wife and the parties’ minor child exclusive use of the marital home, ordering the husband to pay the mortgage on the marital home, ordering the husband to obtain insurance on the minor child’s automobile, enjoining both parties from disposing of or concealing any marital assets, and enjoining each party from harassing the other party. On March 19, 2008, after the hearing on the wife’s motion for pendente lite relief, the trial court entered another pendente lite order, ordering the husband to pay to the wife $400 every two weeks as child support and $160 every two weeks as the husband’s portion of the mortgage on the marital home.
 

 On September 29, 2008, the trial court held a bench trial, at which it heard
 
 ore terms
 
 evidence. On November 6, 2008, the trial court entered a judgment divorcing the parties, allocating the marital property, and ordering the husband to pay to the wife alimony and child support. Both parties filed timely postjudgment motions to vacate, alter, or amend the trial court’s judgment, pursuant to Rule 59, Ala. R. Civ. P. On December 15, 2008, the trial court held a hearing on both postjudgment motions; on December 22, 2008, the trial court denied both parties’ postjudgment motions. The husband timely appealed to this court.
 

 Although, in her complaint, the wife did not claim that the husband should be held in contempt for violating the trial court’s pendente lite orders, she did make that claim at trial. The husband did not object to the claim of contempt being tried, and the wife and the husband presented evidence regarding the husband’s obligations and compliance with the pendente lite orders. Therefore, we deem the wife’s contempt claim to have been tried by the implied consent of the parties.
 
 See
 
 Rule 15(b), Ala. R. Civ. P. (“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.”). The trial court’s judgment did not address the wife’s contempt claim.
 

 
 *696
 
 Although neither party raises the issue whether the trial court’s judgment is final, “ ‘jurisdictional matters are of such importance that we take notice of them at any time and do so even
 
 ex mero
 
 mote.’ ”
 
 Wallace v. Tee Jays Mfg. Co.,
 
 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting
 
 Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala.1987)).
 

 “An appeal ordinarily lies only from the entry of a final judgment. Ala.Code 1975, § 12-22-2;
 
 Bean v. Craig,
 
 557 So.2d 1249, 1253 (Ala.1990). A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided.
 
 Ex parte Harris,
 
 506 So.2d 1003, 1004 (Ala.Civ.App.1987).”
 

 Henning v. Henning,
 
 999 So.2d 523, 525 (Ala.Civ.App.2008).
 

 In this case, the trial court’s judgment did not dispose of the wife’s contempt claim; therefore, the trial court’s judgment was not final, and we dismiss the husband’s appeal.
 
 See N.H. v. T.A.P.,
 
 963 So.2d 97, 98-99 (Ala.Civ.App.2007) (holding that a trial court’s judgment was nonfinal when the father’s claim for child support was tried by consent of the parties and the trial court’s judgment did not dispose of that claim).
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.