THOMPSON, Presiding Judge.
J.M.M. (“the mother”) appeals from the juvenile court’s August 19, 2009, judgment finding her child, J.M. (“the child”), dependent and determining that it was in the child’s best interest to remain in the custody of J.C., with whom the child had been living since the summer of 2006.
The record indicates the following. The child was born in September 2005. In June 2006, the mother brought the child to J.C., saying that J.C.’s son was the child’s father. At that time, the mother left the child with J.C., who contacted the Geneva County Department of Human Resources (“DHR”). On December 13, 2006, DHR filed a petition in the juvenile court alleging that the child was dependent. On December 14, 2006, the juvenile court held a hearing and agreed that the child was dependent. The child’s maternal grandmother is HIV positive and acknowledges that, when the mother left the child with J.C., she was too ill to care for the child. The juvenile court awarded temporary cus *1077 tody of the child to J.C., subject to the mother’s right to visitation.
In April 2007, the mother requested that custody of the child be returned to her. A hearing was held in May 2007. No transcript of that hearing appears in the record, and it is unclear whether the mother was represented by counsel at that time. Nonetheless, after the hearing, the juvenile court entered a judgment (“the May 2007 judgment”) finding that the child was dependent and ordering that the child remain in the custody of J.C. The mother did not appeal from the May 2007 judgment.
Also in May 2007, J.C. moved for permanent custody of the child. In December 2007, at a hearing on the issue of the child’s custody, which apparently was held pursuant to J.C.’s May 2007 petition, the juvenile court gave the mother time to submit records to show that she had completed unspecified “court referrals” and to show that she had paid child support. In its judgment of August 19, 2009, the juvenile court noted that the mother never submitted evidence of completion of the programs or that she has paid child support during the three years J.C. has had custody of the child.
In May 2007, the mother indicated that J.C.’s son might not be the father of the child. The juvenile court ordered the man who the mother initially identified as the child’s father to take a paternity test. In October 2007, DHR reported to the juvenile court that a paternity test indicated that J.C.’s son was not the child’s father; however, no immediate action was taken as a result of the paternity test.
In February 2009, the maternal grandmother petitioned for “temporary” custody of the child. A hearing was held on July 8, 2009, on the maternal grandmother’s petition for custody and J.C.’s motion for permanent custody.[1] From the record before us, it does not appear that the mother had a motion or claim pending before the court at that time. After the hearing, the juvenile court entered the judgment holding that J.C. was to retain custody of the child. The juvenile court further “reserve[d] support” and directed the mother to file a child-support income affidavit (form CS-41), see Rule 32, Ala. R. Jud. Admin., within 30 days of the date of the judgment. According to the record, the juvenile court has not yet entered an order on the issue of the mother’s child support. The mother appeals from the August 2009 judgment.
Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal. Hamilton ex rel. Slate-Hamilton v. Connolly, 959 So.2d 640, 642 (Ala.2006). Although the parties did not address whether the judgment in this case was final so as to support an appeal, “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987).
“A judgment is not final if it fails to completely adjudicate all issues between the parties. Giardina v. Giardina, 39 So.3d 204, 207 (Ala.Civ.App.2009) (citing Butler v. Phillips, 3 So.3d 922, 925 (Ala.Civ.App.2008)).” Sexton v. Sexton, 42 So.3d 1280, 1282 (Ala.Civ.App.2010). “An order is generally not final unless it disposes of all claims or the rights and liabilities of all parties.” Carlisle v. Carlisle, *1078 768 So.2d 976, 977 (Ala.Civ.App.2000) (citing Rule 54(b), Ala. R.' Civ. P., and Ex parte Harris, 506 So.2d 1003, 1004 (Ala.Civ.App.1987)).
In Tomlinson v. Tomlinson, 816 So.2d 57, 58 (Ala.Civ.App.2001), this court held that a judgment modifying custody was not final for purposes of appeal because the judgment also stated, “ ‘Child support to be paid by [the mother] to [the father] shall be determined upon the prompt submission of Child Support Income Affidavits (CS-41) by the parties,’ ” and “[t]he record contained] no further submissions or orders of the court relating to child support.” Similarly, in Anderson v. Anderson, 899 So.2d 1008, 1010 (Ala.Civ.App.2004), this court held that a judgment divorcing the parties and awarding primary physical custody of their child to the father was not final for purposes of appeal because the trial court had not determined the amount of the mother’s child-support obligation.
In this case, as in Tomlinson, the juvenile court reserved the issue of the mother’s child-support obligation pending the mother’s submission of her income affidavit. Because the juvenile court has not yet determined the mother’s child-support obligation, the August 2009 judgment is not final. “ ‘When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.’ ” Young v. Sandlin, 703 So.2d 1005, 1008 (Ala.Civ.App.1997) (quoting Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974)). Accordingly, we dismiss the mother’s appeal.
APPEAL DISMISSED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. We note that the mother was represented by counsel at the July 8, 2009, hearing. J.C. had also asked for a termination of the mother's parental rights; however, the juvenile court dismissed that portion of the petition and proceeded only on the issue regarding who would be awarded permanent custody of the child. As previously noted, the juvenile court had found the child to be dependent in May 2007.