On Application for Rehearing
 

 THOMPSON, Presiding Judge.
 

 The opinion of April 23, 2010, is withdrawn, and the following is substituted therefor.
 

 
 *908
 
 James D. Moore appeals from an order of the Tuscaloosa Circuit Court granting Michael S. Strickland’s motion to set aside a default judgment entered against Strickland. For the reasons stated herein, this court dismisses Moore’s appeal.
 

 On February 12, 2007, Moore filed an action against Strickland in which he asserted a claim of malicious prosecution. Strickland filed an answer in which he denied the material allegations of the complaint. On March 2, 2009, Strickland’s attorney filed a motion to withdraw from the action, which the trial court granted.
 

 The trial court set the case for a jury trial on July 6, 2009. On the day scheduled for trial, Strickland failed to appear, and the trial court, after hearing testimony from Moore, entered a default judgment against Strickland, awarding damages to Moore in the amount of $150,000.
 

 On July 15, 2009, Strickland, represented by new counsel, filed a motion to set aside the default judgment. In his motion, Strickland asserted that he had not received notice from the trial court regarding the trial date and that the first notice he had of the trial setting was on July 11, 2009, when he received a copy of the default judgment the trial court had entered against him. Following a hearing at which Strickland apparently testified, the trial court, on August 18, 2009, entered an order granting Strickland’s motion and setting aside the default judgment. Moore filed an appeal to the supreme court from the trial court’s order setting aside the default judgment. That court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
 

 Moore contends that the trial court erred when it set aside the default judgment. We do not reach the merits of that contention, however, because this court lacks appellate jurisdiction in this matter. Although neither party raises the issue of appellate jurisdiction, that issue is one that this court is obligated to consider
 
 ex mero motu. See Wallace v. Tee Jays Mfg. Co.,
 
 689 So.2d 210, 211 (Ala.Civ.App.1997).
 

 “Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal.”
 
 Sexton v. Sexton,
 
 42 So.3d 1280, 1282 (Ala.Civ.App.2010). “[A] final judgment is a ‘terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.’”
 
 Dees v. State,
 
 563 So.2d 1059, 1061 (Ala.Civ.App.1990) (quoting
 
 Tidwell v. Tidwell,
 
 496 So.2d 91, 92 (Ala.Civ.App.1986)). An order granting a motion to set aside a default judgment is not a final judgment because it revives the matters in controversy between the parties; thus, “an order granting a motion to set aside a default judgment and proceed to trial is interlocutory and not appealable.”
 
 Fisher v. Bush,
 
 377 So.2d 968, 968 (Ala.1979).
 

 In the present case, the trial court’s order granting Strickland’s motion to set aside the default judgment is not a final judgment because it does not demonstrate an adjudication of the matters in controversy between Moore and Strickland. As a result, that order cannot serve as a basis for appellate jurisdiction. “ ‘When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.’ ”
 
 Young v. Sandlin,
 
 703 So.2d 1005, 1008 (Ala.Civ.App.1997) (quoting
 
 Powell v. Republic Nat’l Life Ins. Co.,
 
 293 Ala. 101, 102, 300 So.2d 359, 360 (1974)).
 

 This court has the discretion to treat an appeal from an unappealable order as a petition for a writ of mandamus.
 
 *909
 

 See Fowler v. Merkle,
 
 564 So.2d 960, 961 (Ala.Civ.App.1989). However, because Moore has failed to demonstrate that he does not have an adequate remedy by way of appeal once a final judgment is entered in the action,
 
 see Ex parte Carlisle,
 
 26 So.3d 1202, 1205-06 (Ala.2009), we refuse to exercise our discretion to treat Moore’s appeal as a petition for a writ of mandamus.
 

 For the foregoing reasons, this court lacks jurisdiction over Moore’s appeal. As a result, the appeal is due to be, and is hereby, dismissed.
 

 APPLICATION FOR REHEARING OVERRULED; OPINION OF APRIL 23, 2010, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.