THOMPSON, Presiding Judge.
On October 4, 2007, Nancy Perry was a passenger in a vehicle driven by Pamela Edwards Quick when Quick’s vehicle was struck by a vehicle driven by Marquis Wilson. Perry was injured in the accident.
Alfa Mutual Insurance Company (“Alfa”), Wilson’s liability insurer, offered to pay Perry the $50,000 limit of Wilson’s insurance policy in exchange for an agreement pursuant to which Perry would re *253 lease Alfa from any further liability. Perry then sought underinsured-motorist (“UIM”) benefits from Cotton States Insurance Company (“Cotton States”), which was Quick’s UIM insurance provider, as well as from USAA Casualty Insurance Company (“USAA”), Perry’s own UIM insurance provider. Cotton States agreed to settle Perry’s claims against Quick, and it tendered the $40,000 limit of Quick’s UIM insurance policy to Perry.
USAA, however, refused to settle. Perry filed an action in the trial court against Wilson and USAA. USAA advanced the $50,000 liability-policy limit under Wilson’s policy with Alfa to Perry to preserve its subrogation rights, and it opted out of the litigation. See Lowe v. Nationwide Ins. Co., 521 So.2d 1309 (Ala.1988). The jury returned a verdict in Perry’s favor and awarded her $275,000 in damages. On March 15, 2010, the trial court entered a judgment on the jury’s verdict.
USAA filed a complaint against Perry seeking a judgment declaring that it is entitled to a credit against the jury award for the $40,000 in UIM benefits Perry received from Cotton States, Quick’s UIM insurance provider. The parties do not dispute that USAA is entitled to a $50,000 credit for the insurance benefits paid by Alfa on behalf of Wilson. Perry answered and counterclaimed, seeking an award of an attorney fee and litigation expenses under the common-fund doctrine. See Mitchell v. State Farm Mut. Auto. Ins. Co., 118 So.3d 693, 694 (Ala.Civ.App.2011) (The “common-fund doctrine” is an “exception to the so-called ‘American rule,’ which generally bars awards of attorney fees to prevailing parties, in the context of a dispute between an injured insured party and a subrogated insurance carrier over whether the carrier is responsible for a pro rata share of the insured’s attorney fees incurred in the process of obtaining a settlement payment against which the carrier has asserted a right of reimbursement.”).
USAA moved for a summary judgment on its claim. Perry responded to USAA’s summary-judgment motion and moved for a summary judgment on her claim seeking the payment of a portion of her legal and litigation expenses.
On October 22, 2013, the trial court entered a summary-judgment order in which it granted USAA’s summary-judgment motion and ordered that USAA be provided a credit against its liability to Perry for the $40,000 of UIM benefits provided by Cotton States. In that order,- the trial court also determined that Perry was entitled to a summary judgment on her claim seeking to recover a portion of her legal and litigation expenses under the common-fund doctrine.
USAA appealed the October 22, 2013, summary-judgment order, and our supreme court transferred this appeal to this court pursuant to § 12-2-7, Ala.Code 1975.
In their briefs submitted to this court, both parties alleged, in a one-sentence purported “statement of jurisdiction,” that this court has jurisdiction over this appeal pursuant to § 12-22-2, Ala. Code 1975. See Rule 28(a)(3), Ala. R.App. P. (setting forth the information to be included in a proper' statement of jurisdiction in an appellate brief). Neither party has addressed whether the trial court’s summary-judgment order was sufficiently final to support USAA’s appeal. However, issues of subject-matter jurisdiction are of such magnitude that an appellate court may take notice of them ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997); Bryant v. Flagstar Enters., Inc., 717 So.2d 400, 401 (Ala.Civ.App.1998).
*254 In this case, the trial court’s October 22, 2013, summary-judgment order determined that USAA was liable for the payment of an attorney fee, but it did not rule on the amount of the attorney fee to which Perry was entitled. A ruling on a party’s liability for an attorney fee under the common-fund doctrine, without an accompanying determination of the amount of the attorney fee due, renders the determination on the attorney-fee claim nonfi-nal. James v. Alabama Coalition for Equity, Inc., 713 So.2d 937, 941-43 (Ala.1997); see also Goldome Credit Corp. v. Player, 869 So.2d 1146, 1149 (Ala.Civ.App.2003) (holding that the order from which the appeal was taken was nonfinal because it determined liability for the attorney fee without specifying the amount of the fee awarded); and James River Corp. v. Bolton, 14 So.3d 868, 870 (Ala.Civ.App.2008) (holding that an order requiring a party to pay an attorney fee without specifying the amount of the fee awarded was nonfinal).
The October 22, 2013, summary-judgment order was nonfinal, and, therefore, it can not support this appeal. See § 12-22-2, Ala.Code 1975 (“From any final judgment of the circuit court ..., an appeal lies to the appropriate appellate court ... within the time and in the manner prescribed by the Alabama Rules of Appellate Procedure.” (emphasis added)). Accordingly, this court must dismiss this appeal of a nonfinal order. Bacadam Outdoor Adver., Inc. v. Kennard, 721 So.2d 226, 229 (Ala.Civ.App.1998); Young v. Sandlin, 703 So.2d 1005, 1008 (Ala.Civ.App.1997).
APPEAL DISMISSED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.