THOMPSON, Presiding Judge.
Leslie Haynes appeals from a July 31, 2014, judgment of the Jefferson Circuit Court (“the trial court”) entered against her and in favor of Mikhail Vassilik for compensatory damages in the amount of $7,757.23 in connection with a dispute over money owed pursuant to a lease. The trial court also ordered Haynes to pay a “reasonable” attorney fee.
The trial court held a hearing and subsequently entered the judgment from which Haynes appeals. On appeal, Haynes argues, among other things, that the trial court’s award of the attorney fee was improper. However, despite the fact that neither party challenges this court’s jurisdiction, we do not reach the merits of that argument because we determine that we lack appellate jurisdiction over the matter. See Moore v. Strickland, 54 So.3d 906, 908 (Ala.Civ.App.2010) (“Although neither party raises the issue of appellate jurisdiction, that issue is one that this court is obligated to consider ex mero motu.”).
In Perry v. USAA Casualty Insurance Co., 155 So.3d 252, 253 (Ala.Civ.App.2014), this court addressed whether a judgment determining liability for an attorney fee is final for purposes of appeal when the judgment does not determine the amount of the attorney fee.
“In this case, the trial court’s October 22, 2013, summary-judgment order determined that USAA was liable for the payment of an attorney fee, but it did not rule on the amount of the attorney fee to which Perry was entitled. A ruling on a party’s liability for an attorney fee ..., without an accompanying determination of the amount of the attorney fee due, renders the determination on the attorney-fee claim nonfinal. James v. Alabama Coalition for Equity, Inc., 713 So.2d 937, 941-43 (Ala.1997); see also Goldome Credit Corp. v. Player, 869 So.2d 1146, 1149 (Ala.Civ.App.2003) (holding that the order from which the appeal was taken was nonfinal because it determined liability for the attorney fee without specifying the amount of the fee awarded); and James River Corp. v. Bolton, 14 So.3d 868, 870 (Ala.Civ.App.2008) (holding that an order requiring a party to pay an attorney fee without specifying the amount of the fee awarded was nonfinal).”
Id. at 254.
In this case, the trial court’s judgment found that Vassilik was entitled to a reasonable attorney fee. However, the trial court made no determination regarding the amount of the attorney fee. Therefore, the trial court’s judgment is nonfinal for purposes of appeal, and a nonfinal judgment will not support an appeal. See *622 Perry, supra. Therefore, we must dismiss this appeal.
APPEAL DISMISSED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.