MOORE, Judge.
E.H. (“the mother”) appeals from a judgment of the Jefferson Juvenile Court (“the juvenile court”) that, among other things, awarded K.H. (“the father”) sole physical custody of the parties’ child, Et.H. (“the child). We dismiss the appeal.
Procedural History
In 2012, the mother and the father, who had previously been married, entered into a “custody/support agreement” in which they agreed, among other things, that they would share joint legal and physical custody of the child, alternating physical custody each week, and that each party would have additional “parenting time (visitation)” with the child as set forth in the agreement. The agreement also provided that neither party would pay child support to the other but that the father would pay to the mother $3,000 annually for “parental assistance.” The juvenile court entered a judgment on June 14, 2013, ratifying that agreement.
On November 17, 2014, the mother filed a petition for a rule nisi and for modification of the June 14, 2013, judgment; that action was assigned case no. CS-11-1282.02 (“the mother’s action”). In her petition, the mother asserted, among other things, that the father had failed to comply with the parties’ agreement; that the father was in arrears with regard to his annual $3,000 obligation in the amount of $2,750 plus interest; that the joint-custody arrangement was no longer in the child’s best interest and was no longer practicable because the child was about to start school; and that the father had refused to provide his address and telephone number to the mother and the parties were communicating only via electronic communications. The mother sought, among other things, sole physical custody of the child, reasonable visitation between the,-father and the child, reduction of the father’s arrearage to a judgment, an award of child support, and attorney’s fees.
The father filed an answer and a counterclaim to the mother’s petition on March 31, 2015, In his counterclaim, the father asserted, among other things, that the mother had withheld her address and telephone number from him, that joint custody was no longer in the child’s best interest, that' the mother had withheld his additional court-ordered “parenting time (visitation)” on occasion, and that the parties had been unable to communicate effectively regarding the parenting of the child. The father sought, among other things, sole physical custody of the child, an award of child support, and attorney’s fees. The record indicates that the father also filed a separate petition for modification of custody that had been assigned case no. CS-11-1282.03 (“the father’s action”).
On November 19, 2015, the juvenile court rendered a judgment (“the contempt judgment”) in the mother’s action, denying *487 the mother’s petition for a rule nisi. The record on appeal also contains a separate judgment (“the custody judgment”) that was rendered by the juvenile court on November 19, 2015, in. the father’s action. In the custody judgment, the juvenile court notes that both the mother and the father were present and represented by counsel at a trial that was conducted on August 25, 2015, and that ore tenus testimony was presented. The custody judgment awards sole physical custody of the child to the father, requires the- mother to “pay child support per the guidelines,” and orders the mother to pay the father’s attorney’s fees “as filed.” On March 29,2016, the juvenile court’s contempt judgment was input into the State Judicial Information System (“SJIS”) under the case number assigned to .the mother’s action. See Rule 58, Ala. R. Civ. P. Although the contempt judgment adjudicated only the rule nisi claim raised by the mother, an entry on the case-action-summary sheet in the mother’s action dated March 29, 2016, states: “DISPOSED BY (SETTLED),” which is followed by an additional entry that states: “CUSTODY TO FATHER.”
On April 12, 2016, the mother, through new counsel, filed in the mother’s action a “motion to alter, amend or vacate” the contempt judgment; the juvenile court never ruled on that motion.[1] The mother filed her notice of appeal on May 10, 2016. Her notice of appeal represents that the mother is appealing from a judgment entered on March 29, 2016, in case no. CS-11-1282.02.
Analysis
The mother raises three arguments in her brief on appeal: (1) whether the juvenile court erred in granting the father’s counterclaim and in modifying the child’s physical custody “without the Case Action Summary Sheet showing a trial occurred”; (2) whether the juvenile court erred in ordering the mother to pay “child support per the guidelines” despite the lack of child-support-guidelines forms in the record on appeal; and (3) whether the juvenile court erred in awarding the father attorney’s fees. Those issues arise solely from the custody judgment.
Initially, we question whether the juvenile court correctly entered the custody judgment in the mother’s action. As set out above, the caption in the custody judgment refers solely to the case number assigned to the father’s action. The mother argues that the juvenile court entered the custody judgment in the mother’s action by noting that judgment in the SJIS case-action-summary sheet on March 29, 2016. Rule 58, Ala. R. Civ. P., provides, among other things, that a judge may render a júdgment by making a notation in the court records, see Rule 58(a)(1) &'(4), Ala. R. Civ. P., and that a judgment is entered as of the date of the input of the judgment into the SJIS.[2] Rule 58(c), Ala. R. Civ. P. The SJIS notation does indicate that the father received custody of the child,- which is consistent with the terms of the custody judgment. On the other hand, the notation indicates that the. mother’s action had been disposed of by settlement, contrary to the terms of the custody judgment. Thus, it is *488 unclear whether the juvenile court intended by the notation to incorporate the custody judgment into the mother’s action. We need not definitively decide the point, however.
The contempt judgment addressed only the mother’s petition for a rule nisi. The notation of “CUSTODY TO FATHER” could be construed as a judgment awarding custody to the father, which would dispose of the parties’ competing custody claims, but that judgment did not adjudicate the father’s counterclaim for child support, among other claims. If the juvenile court did correctly enter the custody judgment in the mother’s action, the custody judgment fails to specify the amount of child support and attorney’s fees awarded. In Anderson v. Anderson, 899 So.2d 1008, 1009 (Ala. Civ. App. 2004), this court determined that, “[wjhere a party has requested child support and the trial court’s purported judgment contains no conclusive assessment of the child-support obligation, the trial court has not completely adjudicated the matters in controversy between the parties.” In Haynes v. Vassilik, 175 So.3d 620, 621 (Ala. Civ. App. 2015), this court determined that, because the trial court had ordered the appellant “to pay a ‘reasonable’ attorney fee” but there was no determination regarding the amount of the attorney’s fee, the judgment entered by the trial court was nonfinal for purposes of appeal.
“An appeal ordinarily lies only from a final judgment. Ala. Code 1975, § 12-22-2; Bean v. Craig, 557 So.2d 1249, 1253 (Ala. 1990). A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided. Ex parte Harris, 506 So.2d 1003, 1004 (Ala. Civ. App. 1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Bean, 557 So.2d at 1253.”
Laney v. Garmon, 25 So.3d 478, 480 (Ala. Civ. App. 2009). Under this court’s holdings in Anderson and Haynes, the juvenile court did not dispose of all the claims between the parties. The juvenile court also did not certify its judgment as final pursuant to Rule 54(b), Ala. R. Civ. P, Thus, the record contains no final judgment from which an appeal will lie.
Based on the foregoing, we conclude that the juvenile court has not entered a final judgment in the mother’s action. Because a nonfinal judgment will not support an appeal, see Haynes, 175 So.3d at 621-22, we must dismiss this appeal.
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

. Based on our disposition of this appeal, we conclude that the mother’s motion was not a postjudgment motion under Rule 59, Ala. R, App. P.

. We note that this case is governed by the Alabama Rules of Juvenile Procedure. Rule 1(A), Ala.. R, Juv. P., indicates that, if no procedure is provided by those rules, the Alabama Rules of Civil Procedure shall be applicable, Because the Alabama Rules of Juvenile -Procedure do not address the rendition and entry of orders and judgments, Rule 58, Ala. R. Ciy. P., is applicable, in the present case.