THOMAS, Judge.
S.A.M. (“the mother”) and M.H.W. (“the father”) are the unmarried parents of S.M. (“the child"), who was born on December 2, 2012. In October 2015, the father filed in the Talladega Juvenile Court a petition to establish paternity and seeking custody of the child. The mother answered the petition and counterclaimed for custody. She filed a motion seeking retroactive child support in April 2016, which the juvenile court considered at the May 2016 trial on this matter.
The juvenile court’s July 13, 2016, order awarded the father custody and ordered the mother to pay child support; however, *1233 it failed to address the mother’s request for retroactive child support. The mother filed what she styled as a Rule 59, Ala. R. Civ. P., motion on July 21, 2016. Because the juvenile court had not yet ruled on what the parties considered to be the mother’s postjudgment motion on August 1, 2016, the parties entered into a joint stipulation to extend the time for the juvenile court to rule on the motion to August 18, 2016. Rule 1(B)(2), Ala. R. Juv. P.; see also Rule 59.1, Ala. R. Civ. P. The juvenile court held a hearing on the motion, but it failed to rule on the motion, so the parties considered it to have been denied by operation of law on August 18, 2016. See Rule 1(B), Ala. R. Juv. P.; see also Rule 59.1(dc), Ala. R. Civ. P. The mother filed a notice of appeal on August 31, 2016.
As noted above, the juvenile court’s order fails to address the mother’s request for retroactive child support. The father contends on appeal that the mother’s request for retroactive child support was, in fact, an amendment to her counterclaim for which she had not properly sought leave under Rule 15(a), Ala. R. Civ. P. The father might be correct that the mother’s motion seeking retroactive child support should have been presented not by motion but by an amendment to her counterclaim. See Walker v. Walker, 695 So.2d 58, 60 (Ala. Civ. App. 1997) (concluding that a request for retroactive child support was a compulsory counterclaim to a divorce complaint). He is correct that any amendment to the mother’s counterclaim would have required leave of court because the case had been first set for trial in January 2016. See Rule 15(a) (stating that “a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause,” if an amendment is made less than 42 days before the initial setting of the case for trial); see also Austin v. Austin, 159 So.3d 753, 758 (Ala. Civ. App. 2013) (quoting Image Mktg., Inc. v. Florence Television, L.L.C., 884 So.2d 822, 826 (Ala. 2003), quoting in turn Hoover v. Blue Cross & Blue Shield of Alabama, 855 F.2d 1538, 1544 (11th Cir. 1988)) (emphasis omitted) (indicating that, in most cases, an amendment filed without leave of court is ‘““without legal effect” ’ ”). However, we cannot agree with the father that the issue of retroactive child support was not properly before the juvenile court. The issue of retroactive child support was raised at trial without objection, and, therefore, even if not properly pleaded, it was tried by the implied consent of the parties. See Rule 15(b), Ala. R. Civ. P. (“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.”); see also Wood v. Wood, 34 So.3d 694, 695 (Ala. Civ. App. 2009) (applying Rule 15(b) to determine that a contempt claim was tried by the implied consent of the parties).
An appeal of a juvenile court’s order lies from a final judgment. See Rule 28(A), Ala. R. Juv. P. (permitting appeals to an appellate court from “final orders or judgments” of the juvenile court when certain conditions are met); State ex rel. Thomas v. Mixon, 674 So.2d 611, 612 (Ala. Civ. App. 1995) (noting that a party may appeal a juvenile-court order to the appropriate appellate court but only if the juvenile court’s order is a final judgment capable of supporting an appeal). ‘“A final judgment is defined as “a terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.” ’ ” Mixon, 674 So.2d at 612 (quoting Hardy v. State ex rel. Chambers, 541 So.2d 566, 567 (Ala. Civ. App. 1989), quoting in turn Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala. Civ. App. 1986)). Because the juvenile court’s July *1234 13,-2016, order does not resolve the issue of retroactive child support, the order is not a final judgment and is not capable of supporting an appeal. See Wood, 34 So.3d at 695 (determining that the trial court’s failure to address a claim tried 'by the implied consent of the parties in its judgment rendered the judgment nonfinal and incapable of supporting the appeal). Having noticed ex mero motu our lack of jurisdiction over this appeal, we dismiss the appeal. See, e.g., M.M. v. L.L., 989 So.2d 528, 528 (Ala. Civ. App. 2007) (noting that an appellate court may notice the issue of jurisdiction ex mero motu).
APPEAL DISMISSED.
Thompson, P.J., and Pittman,' Moore, and Donaldson, JJ., concur.