DONALDSON, Judge.
S.M. ("the mother") appeals from an order of the Cullman Juvenile Court ("the juvenile court") that, among other things, granted custody of C.D.M. ("the child") to C.A. and M.A. ("the paternal grandparents") and ordered the mother to pay child support. Because we determine that the mother has appealed from a nonfinal order, and, therefore, that this court has no jurisdiction, we dismiss the appeal.
Facts and Procedural History
The record indicates that the child had been in the custody of the paternal grandparents since April 2016. On July 27, 2017, the paternal grandparents filed a dependency petition in the juvenile court seeking custody of the child. On November 22, 2017, after a trial, the juvenile court entered an order that, among other things, found the child to be dependent, granted custody of the child to the paternal grandparents, and ordered the mother to pay child support. At the end of the order, the juvenile court stated: "The Court reserves *852 the issue of the non-payment of support from April 2016."
The mother filed a "motion for final order" on December 4, 2017, in which she asserted that the reservation of the issue of retroactive support made the order nonfinal. That same day, the mother filed a motion seeking to alter, amend, or vacate the juvenile court's November 22, 2017, order.[1] The juvenile court denied the mother's motion to alter, amend, or vacate on December 9, 2017. The juvenile court did not enter an order addressing the mother's motion seeking the entry of a final judgment. The mother has appealed from the November 22, 2017, order.
Discussion
On appeal, the mother challenges the juvenile court's order finding the child to be dependent, transferring custody to the paternal grandparents, and awarding child support.
Before we can address the mother's arguments on appeal, however, we must determine whether the mother has appealed from a final judgment, and, thus, whether this court has jurisdiction to consider the mother's appeal, because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987).
As explained above, the juvenile court's November 22, 2017, order stated: "The Court reserves the issue of the non-payment of support from April 2016." It is well settled that "[a]n order is generally not final unless it disposes of all claims or the rights and liabilities of all parties." Carlisle v. Carlisle, 768 So.2d 976, 977 (Ala. Civ. App. 2000) (citing Rule 54(b), Ala. R. Civ. P.; and Ex parte Harris, 506 So.2d 1003, 1004 (Ala. Civ. App. 1987) ). " 'Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal.' " Moore v. Strickland, 54 So.3d 906, 908 (Ala. Civ. App. 2010) (quoting Sexton v. Sexton, 42 So.3d 1280, 1282 (Ala. Civ. App. 2010) ). "The question of finality of the order may be phrased as a question of 'something more for the court to do.' Sexton v. Sexton, 280 Ala. 479, 481, 195 So.2d 531, 533 (1967)." Wesley v. Brandon, 419 So.2d 257, 258 (Ala. Civ. App. 1982). Here, the order expressly identifies that the issue of retroactive child support has not been adjudicated.
This court has regularly dismissed appeals from judgments that reserve child-support determinations on the basis that such judgments are nonfinal. See Lowe v. Lowe, 85 So.3d 1023, 1025 (Ala. Civ. App. 2011) ; Naylor v. Naylor, 981 So.2d 440, 441 (Ala. Civ. App. 2007) ; Reid v. Reid, 844 So.2d 1212, 1213-15 (Ala. Civ. App. 2002) ; and Tomlinson v. Tomlinson, 816 So.2d 57, 58 (Ala. Civ. App. 2001).[2] See also *853 S.A.M. v. M.H.W., 227 So.3d 1232, 1233-34 (Ala. Civ. App. 2017) (holding that, "[b]ecause the juvenile court's ... order does not resolve the issue of retroactive child support, the order is not a final judgment and is not capable of supporting an appeal").
This court has also held, however, that it is a "well-established principle that an adjudication of dependency and an accompanying custodial placement of a child in a dependency proceeding is an appealable order." C.L. v. D.H., 916 So.2d 622, 626 (Ala. Civ. App. 2005). We have also explained that, "[i]f the order addresses crucial issues that could result in depriving a parent of the fundamental right to the care and custody of his or her child, whether immediately or in the future, the order is an appealable order." D.P. v. Limestone Cty. Dep't of Human Res., 28 So.3d 759, 764 (Ala. Civ. App. 2009).
In J.M.M. v. J.C., 50 So.3d 1076, 1076 (Ala. Civ. App. 2010), a mother appealed from a juvenile court's judgment finding her child to be dependent and determining that it was in the child's best interest to remain in the custody of a relative. In its order, however, the juvenile court reserved the issue of child support and directed the mother to file a child-support-income affidavit within 30 days of the entry of the judgment. Id. at 1077. This court dismissed the mother's appeal, finding that the juvenile court's reservation of the issue of the mother's child-support obligation rendered the judgment nonfinal. Id. at 1078. Likewise, in T.H. v. Jefferson County Department of Human Resources, 100 So.3d 583, 585 (Ala. Civ. App. 2012), which involved appeals from dependency judgments, this court dismissed as nonfinal orders that failed to establish requested child-support awards.
We asked the parties in this case to submit letter briefs addressing whether the mother appealed from a final judgment, in light of the language in the order reserving the issue of the nonpayment of child support. The paternal grandparents assert in their letter brief that the November 22, 2017, order is nonfinal. In her letter brief, the mother acknowledges the lack of a final judgment but asks this court to hold the appeal in abeyance and remand the case to the juvenile court with instructions. Neither the paternal grandparents nor the mother have asked us to revisit or overrule the cases that serve as authority for determining that the order is nonfinal.
Because the November 22, 2017, order does not resolve the issue of retroactive child support, the mother has appealed from a nonfinal judgment, and, therefore, we are required to dismiss the appeal. See S.A.M., 227 So.3d at 1233-34 ; Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala. Civ. App. 2006) ; and Moore, 54 So.3d at 908.
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

We note that the motion was not filed pursuant to Rule 59(e), Ala. R. Civ. P., which is made applicable in the juvenile court pursuant to Rule 1(A) and (B), Ala. R. Juv. P., because "[a] valid Rule 59 motion may only be filed in regard to a final judgment." C.M.M. v. S.F., 975 So.2d 975, 982 (Ala. Civ. App. 2007) (citing Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549 (Ala. 2003), which notes: "By its express terms, Rule 59(e) applies only where there is a 'judgment.' ").

We note that this case is distinguishable from Parker v. Parker, 946 So.2d 480 (Ala. Civ. App. 2006), in which this court considered a judgment that indefinitely reserved ruling on the issue of child support because of the mother's lack of income to be final. We held: "[T]he purported 'reservation' of the issue of child support does not change the fact that the trial court's judgment does not award child support; therefore, it is as final as any child-support judgment can be." Id. at 486. In this case, the juvenile court awarded child support but, for whatever reason, reserved the issue of retroactive child support. Based on the facts in this case, we cannot say that the juvenile court's order is sufficiently final to support an appeal.