Rel: August 2, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

_____

## CL-2023-0646

_____

## C.L.S.

### v.

## D.B.S. and Jefferson County Department of Human Resources

### Appeal from Jefferson Juvenile Court
### (JU-21-62.01)

HANSON, Judge.

On January 22, 2021, the Jefferson County Department of Human Resources ("DHR") filed in the Jefferson Juvenile Court ("the juvenile court") a petition seeking to have the minor child of C.L.S. ("the mother") and D.B.S. ("the father") found dependent. The record indicates that, at

that time, the mother and father were no longer in a relationship and that the child was in the custody of the mother. On January 31, 2021, the juvenile court entered a shelter-care order in which, among other things, it placed the child in the pendente lite custody of the father and awarded the mother supervised visitation with the child. The father filed in the dependency action a request for an award of custody of the child and for an award of child support.

On May 18, 2022, the father filed in the dependency action a motion in which he again sought an award of child support from the mother. On July 20, 2022, the mother filed a petition seeking the return of custody of the child to her. On July 23, 2022, the juvenile court entered a pendente lite order in which it found the child dependent and awarded custody of the child to the father and awarded the mother visitation.

The juvenile court conducted an evidentiary hearing on August 25, 2022. At the beginning of that hearing, the father's attorney reminded the juvenile court that the father had requested an award of child support from the mother in the dependency action. The juvenile court referenced a separate child-support action also pending in that court and stated that it intended to address that action separately. At the close of the

dependency hearing, the father's attorney represented to the juvenile court that the father had requested an award of child support as a part of the dependency action but that he had not made a request for an award of child support in the child-support action. Accordingly, it appears that the child-support action was initiated by DHR.

On August 26, 2022, the juvenile court entered an order in which it found the child dependent, awarded custody of the child to the father, and awarded the mother supervised visitation with the child. In addition, in that August 26, 2022, order, the juvenile court relieved DHR of any future supervision of the family and directed that the action be closed. The August 26, 2022, order did not make any reference to the father's request for an award of child support, which he had asserted in the dependency action, nor did it reference the separate child-support action that appears to have been initiated by DHR.

On September 9, 2022, the father, joined by the child's guardian ad litem, filed in the dependency action a purported postjudgment motion.[1]

---

[1]It is questionable whether the father's September 9, 2022, motion could be said to be, in substance, a postjudgment motion pursuant to Rule 59(e), Ala. R. Civ. P., because, as discussed infra, it did not seek to alter or amend the August 26, 2022, order. See Evans v. Waddell, 689 So. 2d

In that motion, the father alleged that some background checks and an investigation of relatives of the mother, upon which the award of supervised visitation for the mother had been based, had not been completed. The father requested that the juvenile court delay the mother's scheduled visitation until those background checks and investigation had been completed or to require the mother to exercise her emergency visitation at a local counseling center. On that same date, the juvenile court entered an order granting the father's motion and specifying that the mother could visit the child at the counseling center until the completion of the required background checks and investigation of the relatives who were to supervise her visitations with the child.

The mother filed a notice of appeal to the Jefferson Circuit Court ("the circuit court") on October 13, 2022. See § 12-15-601, Ala. Code 1975 ("A party, including the state or any subdivision of the state, has the right to appeal a judgment or order from any juvenile court proceeding pursuant to this chapter. The procedure for appealing these cases shall be pursuant to rules of procedure adopted by the Supreme Court of

---

23, 26 (Ala. 1997) ("The substance of a motion and not its style determines what kind of motion it is.").

4

Alabama."); Rule 28, Ala. R. Juv. P. (governing appeals from a juvenile-court judgment). On January 18, 2023, DHR filed in the circuit court a motion to transfer the mother's appeal to this court, arguing that because recordings of the August 25, 2022, hearing were available to create an adequate appellate record, jurisdiction over the mother's October 13, 2022, appeal was in this court. See Rule 28, Ala. R. Juv. P. The mother filed an opposition to the motion to transfer in which she argued that no electronic recording of the August 25, 2022, hearing was available.[2] The circuit court conducted a hearing, and, on March 13, 2023, it granted DHR's motion and ordered that the matter "be transferred to the [juvenile court] for submission" to this court.

We interpret the circuit court's March 13, 2023, order not as effecting a transfer of jurisdiction over the appeal to the juvenile court,

---

[2]We note that, as the court receiving the appeal, the circuit court was required to determine whether the appeal was properly filed in that court or whether it should have been filed in this court. Rule 28(E), Ala. R. Juv. P. ("An appellate court or circuit court may transfer an appeal to another court if it determines that the appeal should be transferred to or should have been brought in that court."); Ex parte A.A., 263 So. 3d 1063, 1066 (Ala. Civ. App. 2018) ("Pursuant to Rule 28(D), [now Rule 28(E),] Ala. R. Juv. P., the court that receives an appeal must determine whether the appeal should have been brought in another court before transferring the appeal to the other court.")

but, instead, as an order directing the juvenile court to compile the record on appeal for the mother's appeal to this court. In Ex parte A.A., this court explained:

> "We note that the circuit court has general superintendence over the juvenile court. See § 12-11-30(4), Ala. Code 1975 ('The circuit court shall exercise a general superintendence over all district courts, municipal courts, and probate courts.'). Accordingly, the circuit court may take measures, if necessary, to direct the completion of the records in order to determine whether an adequate record exists in each case."

263 So. 3d at 1067.

The juvenile court took no action in response to the circuit court's March 13, 2023, order. Instead, on August 15, 2023, the juvenile court entered an order again stating that the case was "closed," and it ordered the action removed from the juvenile court's docket. Thereafter, on August 24, 2023, DHR filed a motion in the circuit court requesting that the appeal be transferred to this court. On August 28, 2023, the circuit court entered an order granting that request, and the appeal was transferred to this court.[3]

---

[3]DHR had also filed in the circuit court on July 26, 2023, a motion seeking the dismissal of the mother's appeal because she had failed to prosecute the appeal, which she had filed on October 13, 2022. The circuit court did not rule on that motion to dismiss before it ordered that the appeal be transferred to this court.

6

Initially, we note that this court, ex mero motu, may take notice of any jurisdictional issues such as whether a judgment from which an appeal arises is not sufficiently final to support that appeal. P.D.S. v. Marshall Cnty. Dep't of Hum. Res., 32 So. 3d 1288, 1290 (Ala. Civ. App. 2009); Butler v. Phillips, 3 So. 3d 922, 925 (Ala. Civ. App. 2008); J.S. v. J.D.R., 987 So. 2d 1147, 1149 (Ala. Civ. App. 2007). An appeal from a judgment entered under the Alabama Juvenile Justice Act § 12-15-101 et seq., Ala. Code 1975, which governs, among other things, dependency actions, must be taken from a final judgment or order. P.J. v. Shelby Cnty. Dep't of Hum. Res., 338 So. 3d 781, 784 (Ala. Civ. App. 2021). See also § 12-15-601, Ala. Code 1975 ("A party, including the state or any subdivision of the state, has the right to appeal a judgment or order from any juvenile court proceeding pursuant to this chapter."); Rule 28(A)(1), Ala. R. Juv. P. ("Appeals from final orders or judgments of the juvenile court shall be to the appropriate appellate court."); Ex parte T.C., 96 So. 3d 123, 129 (Ala. 2012) (quoting T.C. v. Mac.M., 96 So. 3d 115, 121 (Ala. Civ. App. 2011) quoting in turn former Rule 28, Ala. R. Juv. P.) ("'Rule 28, Ala. R. Juv. P., continues to govern the detailed procedure for appeals from the juvenile court, and that rule expressly authorizes appeals only

from "final orders, judgments, or decrees of the juvenile court."'"); B.J. v. Calhoun Cnty. Dep't of Hum. Res., 372 So. 3d 1213, 1217 (Ala. Civ. App. 2022) ("In a dependency proceeding, an appeal will lie only from a final judgment."); and S.A.M. v. M.H.W., 227 So. 3d 1232, 1233 (Ala. Civ. App. 2017) ("An appeal of a juvenile court's order lies from a final judgment.").

A final judgment is one that adjudicates all the claims and issues presented to the trier of fact. Bean v. Craig, 557 So. 2d 1249, 1253 (Ala. 1990); S.M. v. C.A., 267 So. 3d 851, 852 (Ala. Civ. App. 2018); S.A.M. v. M.H.W., 227 So. 3d at 1233; M.H. v. H.N.M., 46 So. 3d 967, 969 (Ala. Civ. App. 2009). In J.M.M. v. J.C., 50 So. 3d 1076 (Ala. Civ. App. 2010), the juvenile court entered an order that left custody of a child with the child's custodian and "reserved" the issue of an award of child support from the mother. This court dismissed the mother's appeal as taken from a nonfinal order, holding that because the pending child-support claim remained pending, the judgment from which the mother had appealed was nonfinal and could not support the appeal. J.M.M. v. J.C., 50 So. 3d at 1078.

Similarly, in T.H. v. Jefferson County Department of Human Resources, 100 So. 3d 583 (Ala. Civ. App. 2012), a juvenile court entered

8

orders in the dependency actions pertaining to a mother's four children in which, among other things, it left custody of the children with DHR and ordered the mother to produce evidence of her income for the purpose of determining her child-support obligation at a later date. The mother appealed those orders, and this court dismissed the mother's appeals on the basis that those appeals were taken from a nonfinal judgment because the child-support claims remained pending. T.H. v. Jefferson Cnty. Dep't of Hum. Res., 100 So. 3d at 585-86.

In this case, in addition to the dependency claims and the parties' competing claims for custody of the child, the father asserted a claim seeking an award of child support from the mother in the dependency action. The August 26, 2022, order does not mention the father's child-support claim. Moreover, that order does not contain any ruling that contains language or grants relief that might be said to implicitly deny the father's claim seeking an award of child support. See Wells v. Tankersley, 244 So. 3d 975, 977 (Ala. Civ. App. 2017) (holding that because the relief granted by the trial court in its judgment was incompatible with certain claims asserted by the mother, the trial court had implicitly denied the mother's claims); Morgan v. Morgan, 183 So. 3d

945, 966 (Ala. Civ. App. 2014) (holding that a claim seeking relief from all pendente lite support obligations was implicitly denied when the trial court reduced only the pendente lite child-support obligation); and Wellborn v. Wellborn, 100 So. 3d 1122, 1126 (Ala. Civ. App. 2012) (holding that because the trial court had granted the father's request to decrease his child-support obligation, it had implicitly denied the mother's claim seeking an increase in that child-support obligation).

In Faellaci v. Faellaci, 67 So. 3d 923 (Ala. Civ. App. 2011), a trial court orally indicated that its award of a child-support arrearage was intended as a ruling on the wife's claim seeking to have the husband held in contempt for his failure to pay child support as previously ordered. The trial court's judgment in that case did not address the issue of contempt, and this court determined that, under the specific facts of that case, the trial court had implicitly denied the wife's contempt claim. This court explained:

> "At the conclusion of the ore tenus hearing in this case, the trial court issued its judgment from the bench and ordered the parties' attorneys to draw up an order reflecting its ruling. During that discussion, the wife's attorney stated that the trial court had not ruled on the wife's pending petition for a rule nisi, and he pointed out that the trial court's failure to do so would render the judgment nonfinal. The trial-court judge responded that his award of a child-support arrearage to the

wife was intended as a ruling on her petition for a rule nisi. See Frasemer v. Frasemer, 578 So. 2d 1346, 1349 (Ala. Civ. App. 1991) (child-support arrearage must be awarded even if payor's behavior was not contemptuous). We conclude that such an expression, followed by an order that did not specifically hold the husband in contempt, satisfies this court, in these particular circumstances, that the trial court implicitly concluded that the husband's behavior did not rise to the level of contempt in this case. Although an explicit ruling on pending contempt petitions is always more desirable, we find that the trial court's judgment sufficiently indicates an intention to conclusively rule on the wife's pending petition for a rule nisi."

Faellaci v. Faellaci, 67 So. 3d 923, 925 (Ala. Civ. App. 2011).

As in Faellaci v. Faellaci, supra, the juvenile court in this case made oral statements during an evidentiary hearing regarding its intention not to address a claim asserted by one of the parties to the dependency action, i.e., the father's child-support claim. In Faellaci v. Faellaci, however, the mother had alleged that the father was in contempt for his failure to pay child support, and the trial court's judgment in that case awarded the mother a child-support arrearage for amounts that the father had failed to pay. Thus, this court held that the judgment in Faellaci v. Faellaci, together with the trial court's oral statements during the hearing, contained a sufficient expression of an intent to determine the contempt claim.

11

In this case, however, the juvenile court's judgment contains no indication that the juvenile court considered the father's child-support claim as a part of the dependency action. The juvenile court orally stated that it intended to determine the issue of child support as a part of the separate child-support action initiated by DHR. Given that distinction, i.e., that the father had no other child-support claim pending in another action, the juvenile court's failure to adjudicate all the pending claims in the dependency action rendered the August 26, 2022, order nonfinal.

We note that the record also indicates that, had the August 26, 2022, order been a final judgment, this appeal was arguably untimely. We need not resolve that issue, however. This court may not dismiss an appeal as untimely if it is taken from a nonfinal order. Ex parte Harrington, 289 So. 3d 1232, 1235-37 (Ala. 2019); Kyles v. Kyles, 202 So. 3d 684, 686 (Ala. Civ. App. 2016). See also Grubbs v. Grubbs, 729 So. 2d 346, 347 (Ala. Civ. App. 1998) (holding that, generally, an appeal lies only from a final judgment); T.B. v. A.J., 812 So. 2d 1287, 1289 n.1 (Ala. Civ. App. 2001) ("Because the father's appeal was taken from a nonfinal judgment, we deny the grandmother's motion to dismiss the appeal as untimely (i.e., late)."). "Because the order appealed from was not final, it

is irrelevant whether [the appellant's] appeal was [arguably] untimely." Erskine v. Guin, 384 So. 3d 583, 597 (Ala. 2023).

"'The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.' Hubbard v. Hubbard, 935 So. 2d 1191, 1192 (Ala. Civ. App. 2006)." M.H. v. H.N.M., 46 So. 3d at 969. The mother's appeal is taken from a nonfinal judgment, and, therefore, we dismiss the appeal.

APPEAL DISMISSED.

Moore, P.J., and Edwards, Fridy, and Lewis, JJ., concur.